Bronson, J.
 

 If the finding of the judge was an authorized proceeding, it was in the nature of a special verdict, which must find facts, and not the mere evidence of facts. It must not leave a part of the facts to be presumed, but must find all that are deemed material, so that the court will have nothing to do but to declare the law-. If we follow these rules it will be found that the plaintiff’s case is open to two objections. He seeks to recover on the ground that he was a surety; but that fact has not been found. Although he added the word “ surety” to his name when signing the note, it is quite possible that he was in truth a principal debtor. And though a jury, in the absence of all proof to the contrary, might infer from the tenor of the note that he was_a surety, still it would be a presumption.of-fact, to be made by the jury, and not a presumption of law, to be declared by'the court.
 

 If we assume that the plaintiff was a surety, there will still be a difficulty in his case. For whom was he a surety ? Was it for both of the other makers, or for Edward L. Barrett only ? This is not like the case of
 
 Harris
 
 v.
 
 Warner,
 
 (13
 
 Wend.
 
 400,) where Warner, whose name stood last on the note, added to his
 
 *408
 
 signature, “surety
 
 for the above names,”
 
 including the prior sureties, as well as the principal debtor. Here the plaintiff has added nothing but “surety” to his name, and it may well be that he was a surety for Edward L. Barrett, and for him only. The fact is found that Caleb D. Barrett was a surety for Edward, who was of course the principal debtor. As the plaintiff did not in terms contract as a surety for both, he must establish that character, if he is at liberty to do it, by extrinsic evidence. He must show that he was a surety for Caleb, before he can treat him as a principal debtor; and no such fact is found by the judge. The argument for the plaintiff assumes, that ho signed the note after it had been made by the two Barretts, supposing, them both to be the principals: but no such fact appears; and it is for the plaintiff to make out his case. It may well be that all of the parties were present at the, making of the note, and that the plaintiff, as well as Caleb D. Barrett, knew that Edward .was the principal debtor, and intended to become a surety for him, and him only. If a jury on reading the note, without any other evidence, would be authorized to say that the plaintiff was a surety for both of the Barretts, still that would be only an inference of fact to be drawn by the jury, and not a presumption of law to be declared by the court.1,
 

 I am of opinion that the judgment of the court below was correct, and should be affirmed.
 

 Judgment affirmed.