DAVENPORT SAVINGS FUND AND LOAN ASSOCIATION v. THE NORTH AMERICAN FIRE INSURANCE COMPANY.

1. SPECIAL AND GENERAL VERDICT: SETTING ASIDE THE SAME. When a jury which was instructed to return a special verdict upon three separate issues submitted, returned a special and a general verdict, and the special verdict, as to one issue, was inconsistent with the general verdict, and as to another was equivocal and doubtful, it was held, that the Court did not err in setting aside the general verdict, and in overruling a motion to enter judgment upon both the general and the special findings.

2. PLEADINGS: EVIDENCE: IMPLIED DENIAL. Under section 2917 of the Revision of 1860, the allegation of new matter in an answer, not in the nature of a cross action, is to be deemed, without a replication, as controverted, by a general denial, or by matter in avoidance; and under an issue thus joined, the plaintiff may prove facts not set out in the pleadings, but which would tend to obviate or avoid the legal effect of the special matter set out in the answer.

3. EVIDENCE: AGENCY: CONVERSATION. Conversation between the agent and the principal is admissible for the principal, when it is offered, for the purpose of showing the extent or character of the principal's knowledge, of an unauthorized transaction, by the agent, at the time of an alleged ratification of the same.

4. AGENCY: RATIFICATION. A principal who wishes to avail himself of the act of an agent, without authority, must ratify all his acts as such; but the acts of an agent, within the scope of the specific and limited powers with which he is vested, are valid, and are not affected by unauthorized acts.

5. PRACTICE: EXCEPTIONS. The Supreme Court will not pass upon the rulings of the Court below, on a question of law, when neither party has taken any exception thereto.

*Appeal from Scott District Court.*

MONDAY, APRIL 18.

THE plaintiff's claim is founded on a policy of insurance. The loss was amicably adjusted and fixed, by the agreement of the parties, at the sum of $598.35. One hundred and twenty-six dollars of this amount was paid in cash, at the time of the adjustment. The plaintiff's suit is for the balance, claimed to be still due and unpaid. The whole controversy is limited to the fact, whether this balance, covering the loss, has or has not been paid, the defendant claiming to have discharged it under a special agreement, by which the plaintiff consented to take one Field and Kauffman as paymasters, and relieve the insurance company.

The parties, being corporations, were represented by their respective agents, in adjusting the matters of difference between them. The points in controversy comprise the three following particulars:

1. Did Peters, the acting agent of the plaintiff, in fact, make the contract, set up in the defendant's answer, whereby he agreed to take Field, or Field and Kauffman, as paymasters, and release the defendant?

2. Had he authority to do so?

3. Was his act ever ratified and adopted by the plaintiff?

Upon these propositions of fact, the jury were required to make a special finding. They returned an affirmative answer to the first, a negative to the second, and a vague, irresponsive answer to the third, to the effect, that the conduct of the plaintiff could be construed as the ratification of the acts of Peters. The jury also found a general verdict in favor of the plaintiff, in the sum of $463.35.

Upon the coming in of the verdict of the jury, the plaintiff moved to set aside their third special finding, as being immaterial and unsustained by sufficient evidence.

This was overruled, and exceptions taken. The defendants also moved the Court, not only for a new trial, for reasons therein stated, but for a judgment in favor of themselves, on the special findings of the jury. The first of these errors was sustained, the second overruled, to which the parties severally excepted, as appears of record. In making the final entry, the Court limited the trial *de novo* to the third or last of the above questions of fact, namely, whether the authority of the plaintiff's agent *to* make the special contract, specified in the answer, had ever been ratified and adopted by them — holding that the special. finding of the jury, on propositions numbers one and two, was satisfactory, confirmed the same, and ordered that they should be conclusive upon the parties, so far as they go, and that the same questions should not be re-examined in another trial. To this particular order the record shows no exceptions by either party, yet both have appealed.

*Bennett & Whitcomb* for appellant or defendant.

*S. E. Brown* for appellee.

LOWE, J.—We shall limit our consideration of this case to the points legitimately presented by the parties, in their respective assignments, and not to all the questions which entered into the discussion thereof by counsel.

And first, as to the appeal of the plaintiff, whose complaint is, that the Court set aside the general verdict of the jury, and refused to enter a judgment thereon for it. To this a satisfactory answer is found, in the circumstance, that the jury were required to return a special finding upon certain questions of fact submitted, which they failed to do in regard to one of the questions, except equivocally, and in a doubtful sense, and between which and their general verdict, there was a seeming conflict, which we think justified the action of the Court.

As to the defendant's appeal, other questions are raised, not very clearly or definitely stated, however, in their assignment of errors. The first, as we understand it, relates to the introduction of certain evidence, objected to as inadmissible, under the state of pleadings. According to the rules of the old practice, the objection, perhaps, would have been well founded; but under the system of pleading, authorized by the Revision of 1860, the objection is not well taken. In this case, the pleadings stopped with the answer, which was special, setting forth new matter, in avoidance of the plaintiff's cause of action (§ 2895), allowing no reply, except upon the allegations of a counterclaim, set-off or cross-demand, in the answer. But, by the provisions of section 2917, the allegations of new matter in the answer (not relating to the cross-action just named), are to be deemed controverted by the adverse party, or upon a direct denial, or avoidance, as the case may require. This would authorize the introduction of evidence, on the part of the plaintiff, to prove facts not pleaded, but which would, nevertheless, tend to obviate and avoid the legal effect of the special matter set up in the defendant's answer.

It was testimony of this description which the plaintiff, in the case at bar, offered against the objection of the defendant, but which the Court admitted, being in precise accord with the theory of our new practice.

Again, it is claimed, "that the Court erred in admitting evidence on the part of the plaintiff, of conversations between the agent and treasurer of the plaintiff, when the defendant was not present." The competency of testimony often depends upon the purpose for which it is sought to be introduced. We suppose such testimony could not be received, for the purpose of establishing the plaintiff's claim; nor, perhaps, for corroborating or strengthening the testimony of the same witness, who had been examined in

chief. But it must be remembered, that there were two or three preliminary questions, which were submitted to the determination of the jury, in the form of special issues. One of these was, whether the plaintiff had ratified the acts of its agent, Peters, in the event he had transcended his authority as such agent, in adjusting the amount of the loss on the policy of insurance, and the receiving the money thereon.

Ratification presupposes knowledge of the thing ratified. As applicable, therefore, to the inquiry, whether the plaintiff had or had not been advised that its agent, Peters, without authority, had released the defendant, and agreed to accept Field and Kauffman as paymasters, such evidence would not be incompetent. The statement of Peters, which was objected to, was to the effect, that he reported to Mr. Kehrmon, the treasurer, that the balance of the money ought to have been paid, and that he had given up the policy to the general agent, as he (the general agent) had told him that the balance of the money was deposited in the bank at Rock Island, and should have been brought over by Field some day or two before.

This statement, as bearing upon one of the special facts, which the jury was instructed to find, namely, whether the plaintiff had, with knowledge, ratified the settlement in all its parts set up in the answer (in case the same had been made by the agent, as alleged), was, as we think, not improperly admitted.

It is not unlike a similar question of evidence, raised in the case of *Mesrole* v. *Archer*, 3 Bosworth, 376, where declarations of the agent to the principal, as to facts done by the agent, were adjudged admissible, as showing whether the principal authorized or assented to such acts.

But another complaint is, that the Court overruled the defendant's motion for a judgment in their favor, upon the special findings of the jury, notwithstanding the gen-

eral verdict for the plaintiffs.    This motion was general in its terms, and did not specify the grounds upon which it was made.    We suppose, however, that it was sought to be sustained, upon the idea, that the special findings were not only inconsistent with the general verdict of the jury in favor of the plaintiff, but that, taken as a whole, they would warrant a judgment for the defendant.

In this opinion we do not concur.    The jury, having found that the special contract set up in the answer, by way of accord and satisfaction, was made without authority, on the part of the agent, the defense was unsustained, unless the plaintiff subsequently ratified the same.    The jury, although particularly required in writing to do so, failed to make a finding on this point that was definite, or even certain, to a common intent.    In this attitude of the case, the duty of the Court was a very plain one, and was duly executed, in the manner above indicated.

But, in this connection, it is urged, that the ratification of the agent's acts, in the premises, is unimportant, for the reason, that the plaintiffs, in their petition, have recognized the agency, and sanctioned, at least, some of the acts of the agent, which being parts of one entire transaction, is, in law, a ratification or adoption of the whole.    This is true, when one assumes, without authority, to act for another, if that other wishes to avail himself of the acts of the agent, he must adopt the whole or none.    Not so, however, where the agent is duly appointed and vested with special or limited powers.    Whatever he does in such case beyond his authority, is void, unless ratified, and that without affecting the validity of what was done within the scope of his powers.    The law upon this subject was, with great perspicuity and accuracy, given to the jury by the Court, and no exceptions taken thereto.    If the jury failed to follow the instructions, or to reflect the true import of the evidence in their verdict, a motion for a new trial

should have been made ; and it was made, for the reasons just suggested, but the overruling thereof has not been assigned for error in this Court; so that in the absence of any exceptions to the action of the Court or of the jury, with reference to this point, it is not very obvious how it is, that the same is pressed with so much pertinacity in the argument of counsel.

We come now to consider the last point, to the effect, that the Court erred in its conclusions of law, upon the special findings of the jury. We suppose these conclusions refer to the disposition which the Court made of three motions, based mainly upon these findings, one made by the plaintiff, and two by the defendant. The orders made thereon were severally excepted to at the time by the parties. We have already given our reasons for approving the same. But the Court made another order about these special findings, to which neither party excepted, and, therefore, not to be considered by us, namely, that the question involved in the first and second should be conclusive upon the parties, and not open for further investigation; whilst upon the subject matter of the third, he granted a trial *de novo*, following what he construed to be the fair import of the provisions of sections 3079-3122 of the Code. Although the ruling of the Court in this respect was not challenged, at the time, by either party, nor assigned for error in this Court, yet as both counsel in argument complain of the same, we suppose it is competent for them to consent to a re-trial upon all the special issues, when the cause goes back, which it is better they should do, than that we should set the example of passing upon a question not presented by the record.

Affirmed.