LAMB v. THE FIRST PRESBYTERIAN SOCIETY OF MAR-SHALLTOWN.

1. Judgment: SPECIAL VERDICT. To justify a court in rendering a judgment upon a special finding of facts against the general verdict, under section 3080 of the Revision of 1860, such finding must be consistent with the general verdict, and when taken together with the facts admitted in the pleadings, must be sufficient to establish the right to recover.

*Appeal from Marshall District Court.*

MONDAY, FEBRUARY 5.

THIS action is brought to establish a claim for lumber furnished, and to enforce a mechanic's lien therefor. The firm of J. Killian & Company were made defendants, as contractors; and on default, judgment was rendered against them in the District Court. There was a trial by jury as to the issues made by the defendants, the First Presbyterian Society of Marshalltown, which resulted in a general verdict and judgment for defendant, from which the plaintiff appeals. The further necessary facts will be found stated in the opinion.

*L. W. Griswold* for the appellant.

*H. E. J. Boardman* for the appellee.

COLE, J. — At the request of the plaintiff's counsel, before the jury retired to consider of their verdict, the court required them to find, in addition to their general verdict, upon the following particular questions, to which they returned the answers following each question, to wit: 1. State whether or not there was a bill of sale executed by Jacob Killian & Company to the defendant, the Presbyterian Society; and if so, what was the consideration thereof, and for what object or purpose was the same given?

Answer. There was a bill of sale executed by J. Killian & Company to the defendant, the Presbyterian Society. It was done in consideration of the prospect that said defendant would sustain loss by the said Killian & Co., one of the firm having run away with a large amount of money, which was paid by the defendant to J. Killian & Company, and which money was designed to be applied on the building of said church. The object was to secure said defendant against such loss.

2d. Whether the plaintiff, C. Lamb, under or by virtue of any contract with the Presbyterian Society of Marshall, its agents, trustees, contractors, or sub-contractors, did or did not furnish the material set forth in plaintiff's petition for the purpose of erecting a church edifice on lot number one, in block number twenty, in Marshalltown?

Answer. He did.

3d. Whether the plaintiff, as such contractor with said Presbyterian Society, its agents, trustees, contractors or sub-contractors, did or did not furnish the lumber mentioned in plaintiff's petition, for the purpose of erecting a church edifice on said lot?

Answer. He did.

4th. What was the value of the lumber furnished by the plaintiff, if any, for the erection of said church edifice?

Answer. $741.68.

5th. Whether or not said lumber was in course of construction for said church edifice at Marshalltown at the time the plaintiff filed his statement for a lien, to wit: July, 1865?

Answer. Yes.

6th. Whether or not since the furnishing of said lumber by the plaintiff, and since the filing of plaintiff's statement for a lien, the said lumber has been put into said church edifice by the said Presbyterian Society, its agents, trustees, contractors or sub-contractors?

Lamb v. The First Presbyterian Society of Marshalltown.

Answer. Yes.

7th. Whether or not the defendant, the said Presbyterian Church, was the owner of the lot on which said church edifice was and is now in course of construction?

Answer. Yes.

The jury also returned a general verdict for the defendant.

The plaintiff moved for a judgment in his favor upon the special findings, which motion was overruled by the court, and judgment entered upon the general verdict; and this action is the basis of the only alleged error of the court below.

1. JUDG-
MENT: special verdict.

It is provided by the Revision, that "where the special finding of facts is inconsistent with the general verdict, the former controls the latter and the court may give judgment accordingly." § 3080. The only question then is, whether the special finding of the facts is inconsistent with the general verdict. The fact that J. Killian & Company executed a bill of sale to the Presbyterian Society to secure it against loss for money advanced on a building contract cannot, per possibility, be inconsistent with the general verdict. It does not appear from the question or answer, what property was included in the bill of sale; nor whether any of the property claimed by the plaintiff to have been furnished by him was included therein: the taking of such a bill of sale, if it was of the same property, would not necessarily nor reasonably make defendant liable to plaintiff therefor.

The second, third and sixth questions are in the alternative as to several persons; and the jury might well find as to the second and third, that the plaintiff did, under a contract with a sub-contractor, furnish the material to him for the purpose of erecting the church edifice, without finding the defendant liable for such material; for the defendant could only be made liable by giving the required notice

before or at the time of furnishing the materials, and taking the other steps prescribed by the mechanics' lien law. See Rev., ch. 79, § 1846, *et seq.* And there is no finding that any of these steps had been taken. So, also, with the sixth question. And as to this, it may be remarked, that it does not amount to a finding that a statement for a lien had been filed. The filing of the statement is referred to in the question to fix a certain time which, in the preceding question, is stated to be " July, 1865." The answer of the question in the affirmative, did not by any means imply that a statement had been filed ; nor, if so, would it be necessarily inconsistent with the general verdict, since the notice and other steps required in case of contractor or sub-contractor are not admitted by the pleadings, or found by the jury.

As to the fourth, fifth and seventh questions, it may be readily seen that the plaintiff may have furnished the amount in value of materials, as found, and they may have been used in constructing a church on defendant's lot, without making defendant liable for the amount, since such materials may have been (as seems probable from the transcript in this case) purchased by a contractor upon his own responsibility, and paid for to him by the defendant, before the notice or other steps were taken by plaintiff, which are prescribed by statute as necessary to fix the liability of defendant as owner.

In order to justify a court in rendering a judgment upon a special finding of facts, against the general verdict, such finding of facts must be inconsistent with the general verdict, and when taken together with the facts admitted in the pleadings, must be sufficient to establish the right to recover. *Birckhead* v. *Brown et al.,* 5 Hill, 634; *Sisson* v. *Barrett,* 2 N. Y., 406; *Barto* v. *Himrod,* 8 Id., 483; *Davenport Savings Fund Association* v. *The North American Fire Insurance Company,* 16 Iowa, 74; *Leach* v. *Church,*

10 Ohio, 148; *Reber and Kutz* v. *Columbus Machine and Manufacturing Company*, 12 Id., 175. In this case there was no absolute or necessary inconsistency of the special finding of the facts with the general verdict, so as to interfere with the right to a judgment on the latter; nor were there such facts admitted by the pleadings as would require the court to enter judgment upon the special finding of facts, even if there had been no general verdict.

Affirmed.