Eadie, Guilford & Co. v. Ashbaugh.

## EADIE, GUILFORD & Co. v. ASHBAUGH.

1. **Principal and Agent**: RATIFICATION: ACT OF ASSUMED AGENT. An agent for the sale of reaping and mowing machines, who had been authorized to sell with a warranty, sold a machine and warranted it after his agency had expired and his successor, who was not authorized to sell with warranty, had been appointed; the notes which he received in part payment he turned over to his successor, who forwarded them to the principal without apprising the latter by whom the sale was made; the machine proving defective, it was returned by the purchaser to the party from whom he had bought it: *Held*, that the principal, by the acceptance of the notes, and the attempt to collect them, ratified the act of the party assuming to act as his agent, and was bound by the warranty. DAY and BECK, JJ., *dissenting*.

*Appeal from Sac District Court.*

MONDAY, OCTOBER 23.

ACTION on promissory notes given in part consideration for a reaping and mowing machine, purchased by the defendant. The undisputed facts are that in June, 1872, the defendant purchased the machine of Charles Allen, who represented that he was agent of the plaintiffs, for one hundred and seventy-five dollars, and he paid Allen ten dollars in cash, and gave the notes sued on for the residue of the purchase money. The machine was delivered by Allen to the defendant; Allen warranted the machine, and, it failed to work as warranted. The defendant notified Allen of this fact, who told him to make another effort to make the machine work, which the defendant did, but it proved deficient, whereupon the defendant "brought the machine back, under Allen's directions, and left it with him," and demanded the notes, which Allen said he did not have.

Allen had no authority to act for the plaintiffs. He was the plaintiff's agent the previous year, and had power to sell the machine with a warranty. But in the spring previous to the sale Allen ceased to be the plaintiff's agent, and the business was turned over to one Woodward, who thereafter acted for the plaintiffs, but had no authority to sell this machine with a

44 519
79 243
44 519
80 156
80 251
44 519
81 224
44 519
82 438
44 519
83 307
83 310
44 519
89 349
89 361
44 519
91 163
44 519
97 75
99 685
100 432
44 519
103 125
44 519
110 542
44 519
108 517
44 519
109 540
44 519
112 75
44 519
115 504
44 519
118 733
44 519
119 382
44 519
128 185
44 519
135 23
135 522
44 519
140 711
141 553
44 519
144 599

warranty. The plaintiffs received the notes from Woodward without any knowledge that Allen had sold the machine with a warranty. The plaintiff seeks to recover on the notes, and the defendant the ten dollars paid. There was a trial by the court without the intervention of a jury, and judgment being rendered for the plaintiffs, the defendant appeals. The plaintiffs also appeal from the decision of the court overruling a motion to strike out a part of the answer. But as a determination of the questions involved in the defendant's appeal necessarily decides all there is in the case, the points raised by the plaintiff's appeal will not be more particularly noticed.

*G. S. Robinson*, for plaintiffs.

*E. R. Duffie* and *J. F. Duncombe*, for defendant.

SEEVERS, CH. J.—The following propositions may be regarded as established: 1. That Allen was not the agent of the plaintiffs, and had no authority to sell the machine with a warranty; 2. That he assumed to act as such agent, and did sell the machine with a warranty; 3. That the machine did not correspond with such warranty, and that defendant returned the same to Allen, as he was authorized to do by the terms of the sale; 4. That plaintiffs accepted the notes without any knowledge that it had been sold with a warranty; 5. That plaintiffs received the notes from their agent Woodward; and 6, That plaintiffs are now seeking to avail themselves of the benefit of the sale, and repudiate the warranty.

The general rule is that the act of the agent "is treated throughout as if it were originally authorized by the principal," for the ratification relates back to the time of the inception of the transaction, and has a complete retroactive efficacy. Hence it is, if the agent has made a contract without authority, and it is afterward ratified, the principal may be sued thereon in the same manner and with the same effect as if he had originally given the authority. Story on Agency, § 244, 250. If the principal accept, receive, and hold the proceeds, or beneficial results of a contract, he will be estopped from denying an original author-

1. PRINCIPAL and agent: ratification: act of assumed agent.

ity or a ratification. And if he does not disavow the acts of his agent as soon as he can after they have come to his knowledge, he makes these acts his own. An adoption of the agency in part adopts it in the whole, because a principal is not permitted to accept and confirm so much of a contract made by one *purporting* to be his agent as he shall think beneficial to himself, and reject the remainder. 1 Parsons on Contracts, 50 – 52.

"Where one assumes, without authority, to act for another, if that other wishes to avail himself of the acts of the agent, he must adopt the whole or none." *Davenport Saving Fund Association v. N. A. Fire Ins. Co.*, 16 Iowa, 74 – 79.

The fact that the plaintiffs received and accepted the notes in ignorance of the fact that they were the proceeds of the sale of the machine, and that the same had been sold with a warranty, will not avail them unless they restore the defendant to as good a situation as he was before the acceptance of the notes. *Culver v. Ashley*, 19 Pick., 300.

It was the duty of Allen to have communicated the terms of the sale to the plaintiffs, or their agent, Woodward; and it was the duty of the plaintiffs to have made inquiries as to the terms and conditions of the sale before accepting the notes; failing to do this, and by blindly accepting the notes without making any inquiry, they must be deemed to have adopted whatever contract was made under and by virtue of which the notes were obtained. *Meehan v. Forrester*, 52 N. Y., 277.

It is not material that the plaintiffs authorized or knew of the warranty. They cannot be permitted to enjoy the fruits of the bargain without adopting all the instrumentalities employed in bringing it to a consummation. "They have ratified the sale by seeking to enforce payment of the notes given for the thing sold." *Elwell v. Chamberlin*, 31 N., Y., 611 – 19; *Mundorf v. Wickersham*, 63 Penn. St., 87; *Morse v. Ryan*, 26 Wis., 356.

"Where one person *assumes* to act as the agent of another without authority, the person for whom he assumes to act cannot claim the benefit of his agency in part only, and reject it

as to the, residue of the transaction." *Benedict v. Smith*, 10 Paige, 127.

The plaintiffs in this action are seeking to avail themselves of the benefits accruing to them under the sale made by Allen, and at the same time avoid the burdens of such contract; they having now at least full and complete knowledge of the terms and conditions of such contract. This they cannot be permitted to do. If the rule contended for by plaintiffs should prevail, it would result in the grossest injustice and fraud; and upon neither principle nor authority can such a rule be justified.

The judgment of the Circuit Court must therefore be

REVERSED.

BECK, J. *dissenting*. I. The evidence shows that the party making the contract of warranty, set up by defendant, was not the agent of plaintiffs, and that their agent who had, or was entitled to, the possession of the machine at the time of the sale, had no authority to make a contract of that kind binding upon plaintiffs, nor was he authorized to appoint agents who should possess such authority. Plaintiffs, therefore, are not bound by the contract relied upon by defendant.

II. But it is argued that as plaintiffs accepted the notes executed for the machine and are now seeking to enforce them they cannot deny the authority of the party who acted as their agent in the transaction. Without inquiry whether this would be true in the absence of other facts it is very plain that under the circumstances of the case it cannot be. The notes were delivered by the party taking them to plaintiffs' agent, and by him forwarded to plaintiffs. It does not appear that the agent had notice of the contract of warranty when he received the notes it is shown that the plaintiffs had no notice thereof when they accepted the notes. Surely the agent's acceptance of the notes, in order to bind his principals by the terms of the warranty, if he could do so at all, should be upon notice of the contract, and the act of the plaintiffs in receiving the notes, in order to operate in the same way, should also be with notice. Plaintiffs' agent, having no authority to enter into a contract of

warranty, could not bind his principals by any act ratifying such a contract made by one not an agent.

III. I have no occasion to dispute the correctness of the principle of law announced by the majority of the court in the foregoing opinion. Where one acts as an agent of another person in making a contract, such person, if he accepts the benefit of the contract, is bound thereby although no relation of agency in fact existed. By accepting the benefits of the contract, the person for whom it was made ratifies it. But this principle has no application to the case before us, for its facts do not bring it within the scope of the doctrine. The acceptance of the note of defendant was by plaintiffs' agent, who had no authority to make a contract of the kind set up by defendant. Surely the agent could not bind the principals by ratifying an unauthorized contract which he had no authority to make in the first instance. The contract which an agent may ratify, and thus make binding upon his principal, must be such an one as the agent has authority to make. This proposition of law, it seems to me, cannot be disputed.

The fact that plaintiffs received the notes in suit from their agent, does not bind them by the act of the person making the contract, who was not their agent. They had no knowledge of his connection with the contract. They were authorized to believe that the notes were taken under a contract made by their agent in accord with the authority they had conferred upon him. To hold the plaintiffs bound by the contract under the doctrine of ratification would be to render them liable on account of a transaction of which they had no knowledge and to which their attention was in no manner directed. They were not required to make inquiry as to the time of the sale of the reaper, for there was no circumstance to cause them to suspect that it was not made by their agent, in accord with the authority conferred upon him; there was nothing to arouse inquiry.

For these reasons I reach the conclusion that the evidence before the court below sustains the judgment for plaintiffs appealed from.

DAY, J.—The complications of this case grow out of its peculiar facts. Allen had been the agent of plaintiffs for the sale of machines and was authorized to sell with warranty. But, before the sale in question was made, Allen's agency was terminated, and Woodward was constituted agent with no authority to warrant. Notwithstanding these facts Allen sold the machine, with a warranty, and turned the notes for purchase money over to Woodward, from whom the plaintiffs received them. It does not appear that plaintiffs had any knowledge of Allen's agency in the matter, until the facts were disclosed in the testimony on the trial. If plaintiffs had received the notes for the machine from Allen, it might well be claimed that they had ratified his acts in full. For being advised that he had acted without authority, it would be incumbent upon them to ascertain the extent of the unauthorized act. But plaintiffs received the notes from Woodward, their duly appointed agent, without notice that Allen had anything to do in the matter. They had the right to accept the notes, assuming that Woodward had made the sale in conformity with the authority conferred upon him. If Woodward had even adopted the act of Allen, and made it his own, the plaintiffs did not adopt and ratify this act by merely accepting the notes. The distinction between the adoption of the act of one who assumes without authority to act as agent, and the acceptance of the benefits of a contract made by one who is vested with special and limited powers, is fully recognized, and well defined in *Davenport Savings Bank v. The N. A. Fire Ins. Co.*, 16 Iowa, 79, cited in the majority opinion. In this case the court say, " When one assumes without authority to act for another, if that other wishes to avail himself of the acts of the agent, he must adopt the whole or none. Not so, however, where the agent is duly appointed and vested with special or limited powers. Whatever he does in such case, beyond his authority, is void, unless ratified, and that without affecting the validity of what was done within the scope of his powers." The only agent whom plaintiffs knew in the premises was Woodward. By accepting the notes from Woodward they did not adopt any act which he was expressly forbidden to perform, and of which

they had no knowledge; and *a fortiori*, it seems, they did not thereby adopt any act of an assumed agent, of whose existence they had no knowledge.

It may be that a party who undertakes to enforce an executory contract must adopt, and consent to be bound by, all that his agent has done in the premises. But if such a rule should be applied to executed contracts, the doctrine that an agent can bind his principal only within the scope of his authority would in many cases be ignored. When the notes were received for the sale of the machine in this case, the contract was executed, to as full an extent, in my opinion, as if the price had been paid in money. If these notes are subject to any defense, it is because the plaintiffs are bound by the warranty of their assumed agent, Allen, or by the act of their agent Woodward, in accepting the notes. If they are bound by the warranty, so as to subject the notes to a defense, then, if they had negotiated the notes to innocent holders, it must be that they would be liable to an independent action for a breach of warranty. And, if liable under such circumstances, then they would be liable if they had been paid in money. And, if this be so, then an agent who has no authority to warrant, and who is expressly forbidden to warrant, may in all cases bind his principal by a warranty, since the only manner in which he can escape liability is to refund the purchase money and rescind the contract. In *Finn v. Harrison*, 3 T. R., 760, it is said, "If the owner of a horse were to send a stranger to a fair with express directions not to warrant the horse, and the latter acted contrary to the order, the purchaser could only have recourse to the person who actually sold the horse, and the owner would not be liable on the warranty, because the servant was not acting within the scope of his employment." See, also, *Pickering v. Busk*, 15 East., 45, cited in 1 Parsons on Contracts, 5th edition, page 61.

I think the court did not err in holding that the plaintiffs were not bound by the unauthorized acts of Allen and Woodward.