### BEIDMAN v. GOODELL ET AL.

1. **Principal and Agent:** RATIFICATION OF UNAUTHORIZED CONTRACT. A principal who accepts the benefit of an unauthorized contract made by his agent must take also the obligations which form a part of it.

2. ———: ———: RULE APPLIED. An agent for the owner of a note and mortgage took new notes for the debt, and in consideration of their being signed by the wife of the maker, who was not a party to the former note, agreed to cancel the mortgage. His principal having brought suit and taken judgment against both husband and wife on the notes, it was held that he could not also enforce the mortgage.

*Appeal from Van Buren Circuit Court.*

WEDNESDAY, OCTOBER 5.

ACTION to foreclose a mortgage executed by the defendants J. G. and Abigail O. Goodell. The defendants do not deny the indebtedness, but resist the foreclosure of the mortgage, alleging that the plaintiff for a valuable consideration agreed to release the mortgage.

The original indebtedness was due to one Swazy. For this indebtedness J. G. Goodell executed his promissory note, and to secure it he executed the mortgage in suit, A. O. Goodell, his wife, joining with him in the mortgage. Afterward the note was sold and transferred to the plaintiff, Beidman. It not being paid when due, and some interest being delinquent, the plaintiff desired to have the note renewed, and a note given for the interest. Two notes were accordingly given, that for the principal being payable one day after date, and that for the interest being payable on demand. The new notes were signed not only by J. G. Goodell, the maker of the original note, but by his wife also, A. O. Goodell, who had not signed the original note. They aver that in consideration of Mrs. Goodell's signature to the new notes the plaintiff agreed to release the mortgage. The transaction in which the old note was surrendered to J. G. Goodell and the new

notes were taken was conducted on the part of the plaintiff by an attorney, one Henry Benson. Whatever agreement, if any, was made for a release of the mortgage was made by Benson. The mortgaged land has been conveyed by the mortgagors to their son, Flagg Goodell. He joins with them in resisting the foreclosure, setting up the alleged release. The court rendered judgment for the amount of the notes against J. G. and A. O. Goodell, and denied the foreclosure. The plaintiff appeals.

*G. W. Ringer* and *Work & Brown*, for appellant.

*Knapp & Beaman* and *Henry Benson*, for appellees.

ADAMS, CH. J.—Whether Benson was authorized to agree to a release of the mortgage is one of the questions in dispute. There is no evidence that he was unless Benson's testimony may be regarded as such evidence. While he says that he has no remembrance of being authorized to agree to such release, yet he says that if he told Mrs. Goodell that the mortgage was to be released then he was authorized to say so. He was first asked if he would have made an unauthorized statement to induce Mrs. Goodell to sign the notes, to which he replied that that was not his way of doing business. His testimony then as to his authorization is based simply upon this theory, and not upon any remembrance of the fact.

The plaintiff's testimony was taken by deposition, and he does not appear to have been asked any question directly upon this point. But he shows that he was greatly disturbed as to the effect of taking new notes, lest that in law the mortgage should be held to be released. The plain inference from his testimony is that he never intended to release the mortgage in any way.

If we regarded the case as turning upon the question of Benson's authority to agree to a release we might feel con-

strained to hold for the plaintiff. But in the view which we have taken of the case that question is not material. The fact that Benson agreed to such release is proven beyond any reasonable doubt. It is equally clear that the agreement constituted the inducement to Mrs. Goodell to sign the notes. The defendants insist that if the agreement was not authorized by the plaintiff it was at least subsequently ratified by him, and in this we think that their position is well taken.

It appears to us that the plaintiff should not be allowed to receive the notes with Mrs. Goodell's signature, and enforce

1. PRINCIPAL and agent: ratification of unauthorized contract.

them against her by judgment, without being held to have adopted the whole contract by which her signature was obtained. Where a contract is an entirety and is wholly unauthorized, and the principal takes the benefit of it, he must take it with the obligations which make a part of it. *Horil v. Pack*, 7 East., 164; *Cornwall v. Wilson*, 1 Ves., 509; *Farmers' Loan and Trust Co. v. Walworth*, 1 Comst., 433; *Hovey v. Blanchard*, 13 N. H., 145. We do not say that the mere acceptance of the notes by the plaintiff would have bound him to release the mortgage, if at the time of such acceptance he had no knowledge of the agreement to release the mortgage. If the defendants, relying upon a ratification of Benson's unauthorized agreement for such release, had brought an action to enforce the agreement we are inclined to think that they would have failed without proof that the acts relied upon as a ratification were done with knowledge of the agreement. But in such case if it had appeared that the notes were accepted without knowledge of the agreement it might still have been necessary, in order to escape the binding effect of the agreement, to make a prompt offer to release Mrs. Goodell from the notes, after obtaining knowledge of the agreement.

But this action was brought to enforce the notes, and was prosecuted to judgment as well against Mrs. Goodell as against her husband, and that, too, notwithstanding the averments

and proofs of the agreement by reason of which Mrs. Goodell's signature was obtained. In our opinion the agreement was ratified by the plaintiff and the judgment must be

AFFIRMED.