Conners, Adm'r, v. The Burlington, C. R. & N. R'y Co.

AFFIRMED.

CONNERS, ADM'R, v. THE BURLINGTON, C. R. & N. R'Y Co.

1. **Judgment on Special Verdict**: WHEN ALLOWABLE.   A judgment on special findings, and against a general verdict, is justifiable only when the special findings are inconsistent with the general verdict, and are of themselves, or when taken in connection with facts admitted by the pleadings, sufficient to establish or defeat the right of recovery. (See authorities cited in opinion.)

2. **Railroads**: INJURY TO BRAKEMAN OUT OF PLACE OF DUTY: CONTRIBUTORY NEGLIGENCE.   Where the immediate cause of the injury was the derailing of the train, and that was caused by the manner in which it was being run and the condition of the track, *held* that the mere fact that the brakeman who was injured was, at the time of the accident, in the engineer's cab, instead of at the brakes, which was his place of duty, was not such contributory negligence on his part as to defeat a recovery for his injuries, where it did not appear that his absence from the brakes contributed to the accident, nor that he exposed himself to any greater known danger by going into the cab than by remaining at the brakes, even though it happened that no one was in fact injured except those who were on the engine.  (*Player v. Burlington, C. R. & N. R'y Co.*, 62 Iowa, 723, distinguished.)  SEEVERS and ROTHROCK, J J., *dissenting*.

3. **Survival of Actions**: PERSONAL INJURY: IMMEDIATE DEATH. While at common law an action could not be maintained for a personal injury resulting in immediate death, yet the reasons for that rule are abrogated by §§ 2525–2527 of the Code, and now an action by the administrator may be maintained in such a case.

4. **Practice on Appeal**: RECORD: HOW MUCH NECESSARY.   In ordinary actions, the parties are required to print only so much of the record as is necessary for the presentation and determination of the questions brought up by the appeal for review.  Accordingly, where the only question was whether a judgment for the defendant on special findings, and against the general verdict, was justifiable, it was not necessary to bring up the evidence and the instructions of the court.

*Appeal from Cedar Rapids Superior Court.*

FRIDAY, MARCH 18.

PLAINTIFF's intestate was killed while in the employ of defendant as a brakeman on one of its trains, and this action was brought for the recovery of the damages sustained by his estate in consequence of his death. There was a general verdict for plaintiff for $2,000. There were also certain special findings. Defendant filed a motion for judgment on the special findings, on the alleged ground that they were manifestly inconsistent with the general verdict, and that upon the facts found, it was entitled to judgment. The superior court sustained the motion, and entered judgment for defendant, and from that order plaintiff appeals.

*Bowman & Swisher*, for appellant.

*S. K. Tracy* and *J. C. Leonard*, for appellee.

REED, J.—It is alleged in the petition that the train on which the intestate was employed was thrown from the track as it approached the station of Northwood, at a point where a switch or side track connects with the main track, and that he was killed in the wreck; also that there is a sharp curve in the track at that point. It is charged that the track was rendered dangerous by the curve and the connection of the switch at that point, and that the company was guilty of negligence in constructing and maintaining it in that condition; also, that the engine drawing the train was new and stiff, and difficult to control when making a curve, and that this was known to the engineer in charge, but that he was running it at a dangerous rate of speed at the time, and at a much higher rate of speed than was allowed by the rules of the company. And it is alleged that the injury was caused by these acts of negligence.

The jury found specially that the accident was caused partially by the curve in the track, and partially by the rate

of speed at which the train was being run at the time, and that the engine had frequently passed over the curve; also, that the deceased had been running as a brakeman over the part of the road where the accident occurred for one month; that his place of duty at the time of the accident was at the brakes, but that he was riding in the cab; and that no one on the train, except those who were riding on the engine, was injured in the accident; also that he was instantly killed.

I. To entitle a party to a judgment on special findings against a general verdict in favor of his adversary, the special findings must be inconsistent with the general verdict, and must of themselves, or when taken in connection with the facts admitted by the pleadings, be sufficient to establish or defeat the right of recovery. *Lamb v. First Presbyterian Soc.*, 20 Iowa, 127; *Hardin v. Branner*, 25 Id., 364; *Bills v. Ottumwa*, 35 Id., 107; *Crouch v. Deremore*, 59 Id., 43; *Hammer v. Railroad Co.*, 61 Id., 56.

1. JUDGMENT on special verdict: when allowable.

Under this rule, defendant would be entitled to judgment notwithstanding the general verdict for plaintiff, if it appeared by the special findings either that plaintiff had failed to establish some fact essential to his right of recovery, or that some fact was established which defeated such right. The facts which plaintiff was required to prove to establish a right of recovery are (1) that the injury complained of was caused by the negligence of defendant or its employes; and (2) that the intestate was not himself guilty of any negligence which directly contributed to the injury.

2. RAILROADS: injury to brakeman out of place of duty: contributory negligence.

The general verdict is a finding of each of these facts by the jury. It is not claimed that there is any inconsistency between the general and special finding as to the first of these facts. But it is insisted that the facts specially found are inconsistent with the general finding that the deceased was not guilty of contributory negligence, and that they

show conclusively that plaintiff is not entitled to recover. The facts found are that deceased was riding in the cab at the time of the accident, while his place of duty was at the brakes, and no person on the train was injured except those who were riding on the engine. It will be observed that the findings do not determine that the accident would have been prevented if the deceased had been at his post of duty, and had applied the brakes. Neither do they determine that he would not have been injured if he had been at the brakes instead of on the cab; nor that the position in the cab was ordinarily more dangerous than the one at the brakes. All that is determined is that he was away from his post of duty, and that he was injured while in that position by an accident which was caused by the negligent manner in which the train was being run over a defective or dangerous track, and that no person on the train was injured except those who were at the said place.

The question to be determined is whether these facts defeat the right of recovery. We think they do not. It cannot be said, as matter of law, that he was negligent. If he had, by going upon the cab, exposed himself to a known or obvious danger, and had been injured in consequence of such exposure, the case would have been very different. But it does not appear that he was exposed while in the cab to any known danger which he would not have been exposed to if he had remained at the brakes; or if his presence at the brakes had been necessary for the proper government of the train, and the accident had been occasioned by his absence from his post of duty, a different question would arise. But that does not appear. Very clearly, we think, it cannot be said that his act was negligent, unless some consideration of duty or prudence demanded that he should have been at some other place than the one in which he was when the accident occurred. Neither did the act contribute to the injury. The immediate cause of the injury was the derailing of the train, and that was caused by the manner in

which it was being run, and the condition of the track. His presence in the cab neither caused nor contributed to the result.

The case differs from *Player v. Burlington, C. R. & N. R'y Co.*, 62 Iowa, 723. The plaintiff in that case was a passenger on a freight train. His proper position was in the "caboose;" but, instead of going into it, he got upon a box car, and, while in that position, the car was thrown from the track by the negligence of the defendant, as was alleged, and he was injured, and it was held that he could not recover. As the company had furnished a safe and convenient car for the passenger to ride in, but he chose, for purposes of his own, to ride on another part of the train, the injury was the result of his own act. He could very properly be said to be guilty of contributory negligence. But the facts of this case do not bring it within that rule.

II. It is next contended that, as the intestate was instantly killed, a civil action cannot be maintained for the injury. The position is that, under the common

3. SURVIVAL of actions: personal injury: immediate death.

law, there is no civil remedy for an injury which produces the death of a human being, and, while this rule is modified to some extent in this state by statute, yet the statute goes no further than to afford a right of action to the one who sustains the injury if he survives it, which survives, and may be brought or maintained by his representatives after his death.

The statutes bearing on the questions are sections 2525, 2526 and 2527 of the Code, which are as follows: "All causes of action shall survive, and may be brought, notwithstanding the death of the person entitled or liable to the same." "The right of civil remedy is not merged in a public offense, but may in all cases be enforced independently of and in addition to the punishment of the latter. When a wrongful act produces death, the damages shall be disposed of as personal property belonging to the estate of the deceased, except that, if the deceased leaves a husband, wife,

or child, or parent, it shall not be liable for the payment of debts." "The actions contemplated in the two preceding sections may be brought, or the court on motion may allow the action to be continued, by or against the legal representatives or successors in interest of the deceased. Such action shall be deemed a continuing one, and to have accrued to such representatives, or successors, at the same time it did to the deceased, if he had survived. If such is continued against the legal representatives of the defendant, a notice shall be served on him as provided for service of original notice."

We will concede that the rule of the common law is as claimed by counsel. We are of the opinion, however, that the rule has been entirely abrogated by our statute. For many years before the enactment of the present Code, a statute was in force in this state which provided, in express terms, that, "when a wrongful act produces death, the perpetrator is civilly liable for the injury." Revision 1860, § 4111; Code 1851, § 2501. When the present Code was enacted, the section in which that provision was contained was repealed, and the sections quoted above were enacted in lieu thereof. As appears, the language of this provision is not contained in any of them. But we think the effect of these provisions is the same as though that express language had been retained. The doctrine that, "in a civil court, the death of a human being could not be complained of as an injury," appears to have been first laid down by Lord ELLENBOROUGH in *Baker v. Bolton*, 1 Camp., 493. That was a *nisi prius* case, but the doctrine was adhered to by the English courts until it was abrogated by statute. It has also been followed quite generally by the courts of this country. See *Carey v. Berkshire R'y Co.* and *Skinner v. Housatonic R'y Co.*, 1 Cush., 475; *Green v. Railway Co.*, 2 Keyes, 294; *Eden v. Railway Co.*, 14 B. Mon., 165.

It has been denied, however, by at least one distinguished American judge, that it is capable of vindication, or that it

is so deeply rooted in the common law as to be binding on the courts of this country. *Sullivan v. Union Pac. R'y Co.*, 3 Dill., 334. When we look into the cases, however, in which the doctrine has been held, to ascertain the ground of the holding, we find that the reasons for the rule are (1) that the right of civil remedy, when the wrongful act amounts to a felony, is merged in the public offense; and (2) that the injury to the person being a personal tort, the right of action determines with his death. Relief was denied, then, in this class of cases, upon grounds of supposed public policy, rather than upon considerations as to the rights and liabilities of the parties. The provisions of the statute quoted above expressly abrogate both of these reasons. Section 2525 provides that the cause of action shall survive notwithstanding the death of the party, and section 2526 enacts that the right of civil remedy does not merge in the public offense, but may be enforced independently of, and in addition to, the punishment of the latter. This express abrogation of the reasons of the rule necessarily carries with it the rule itself. The case on its actual merits stands as it always did. A wrongful act has been committed, which was injurious to another. But the grounds upon which a civil remedy was denied have been abrogated, and there now exists no reason for a denial of that right.

III. The abstract does not contain the evidence or the instructions of the court, and it is insisted that, on this state of the record, we cannot review the case. But the single ground upon which the superior court entered the judgment for the defendant was that, upon the facts specially found by the jury, plaintiff was not entitled to recover, and it is not necessary for the presentation and determination of that question that we have the instructions or evidence before us. If we had them before us, we would not look into them in considering it. The instructions are presumed to be correct, and no question is made as to the sufficiency of the evidence to sustain both the

4. PRACTICE on appeal: record: how much necessary.

general verdict and the special findings. In ordinary actions, the parties are required to print only so much of the record as is necessary for the presentation and determination of the questions brought up by the appeal for review.

REVERSED.

SEEVERS, J.—Being unable to distinguish this from the *Player Case*, I dissent from the foregoing opinion. ROTH-ROCK, J., concurs in this dissent.