WM. DEERING & CO., Appellant, v. GRUNDY COUNTY
NATIONAL BANK, Appellee.

Principal and Agent: RATIFICATION. An agent engaged in the
sale of agricultural implements was required, under contract
with his principal, to make all notes taken in the course of the
business of the agency payable to the order of the principal;
and on blanks furnished by them. A number of notes so made
were indorsed by the agent in the name of the principal and
sold to the defendant for less than their face, and a considerable
portion of the money received thereon was sent by the agent to
the principal, who, without knowledge of the facts, credited the
amount on an account against the agent for goods sold. At
the time of the purchase of the notes the defendant knew that the
agent was exceeding his authority, and that a portion of the
money paid thereon was to be sent to the principal. With knowl-
edge of the above facts, with the exception of the form of the
indorsement, the principal commenced an action of replevin to
recover possession of the notes. *Held*, that the principal was not
entitled to the notes without surrendering the money received
thereon, and that by electing to retain the fruits of the sale the
principal ratified the unauthorized act of the agent, and was
bound by the terms of the agent's agreement. *Held*, further, that
in such action the principal could not be heard to say that his rati-
fication of said sale was made 'n ignorance of material facts which
inquiry would have revealed.

*Appeal from Grundy District Court.*—HON. C. F.
COUCH, Judge.

TUESDAY, OCTOBER 21, 1890.

ACTION brought by plaintiffs to recover the pos-
session of certain promissory notes. Upon filing its
answer, defendant asked to have the cause transferred
to the equity docket, and that was done, and the
cause was thereafter treated as in equity. After a
hearing upon the merits, judgment was rendered in
favor of defendant. The plaintiffs appeal. ſ

*J. J. Tolerton*, for appellant.

*Rea & Hays*, and *Boies, Husted & Boies*, for
appellee.

ROBINSON, J.—Mrs. F. B. Dodd succeeded her deceased husband as agent for plaintiffs at Grundy Center, and acted as such agent during the year 1887. The business was carried on with the aid of a brother-in-law named E. H. Dodd, and included the sale of binders, mowers, attachments and appurtenances of various kinds, including extras and repairs, and binding twine. The contract of agency required Mrs. Dodd to make all notes taken payable to the order of plaintiffs, on blanks to be furnished by them. The notes in suit amounting to three hundred and twenty-four dollars, exclusive of interest, were so taken for property of plaintiffs sold under the contract of agency. In September, 1887, they were sold to defendant by Mrs. Dodd, E. H. Dodd acting for her in the transaction, and indorsed by him in the name of the plaintiffs. The form of the indorsement was as follows :   "Pay to the order of the Grundy County National Bank, demand and notice waived."   The amount received for the notes was three hundred and eighteen dollars and ninety-two cents, of which three hundred dollars were at once sent to plaintiffs by drafts, with instructions to apply it on the account of Mrs. Dodd. Plaintiffs had no knowledge of the source from which the money was obtained, and gave Mrs. Dodd credit for it on the twine and repairs account, and on a balance due for the previous year. They received from her a further sum of one hundred and fifty dollars, in October of the same year.

Before this action was commenced, plaintiffs were informed of the purchase of the notes by defendant, and that the proceeds thereof had been paid to them.   A writ of replevin was issued upon the filing of the petition, and a bond and some of the notes in suit were taken thereunder and delivered to plaintiffs. The district court rendered judgment in favor of defendant for the amount of the notes so taken. Appellants waive all objection to the action of the district court in transferring the cause to the equity docket, and it will, therefore, be tried as in equity, triable here de novo.

Mrs. Dodd claimed some right to sell the notes in suit, and remit the proceeds thereof, less a discount, to plaintiffs, by virtue of a custom or method of doing business which has been practised by her husband. But it is shown that plaintiffs had no knowledge of such a custom, and never authorized it, and it must be conceded that the sale of the notes was wholly without authority, and that defendant had constructive notice of that fact from the form in which the notes were drawn.

The appellants argue with much earnestness that the facts of this case distinguish it from *Eadie v. Ashbaugh*, 44 Iowa, 519, and similar cases, for the reason that the sale of the notes was made, and the money remitted by its special agent, and the transaction was had with a person who was charged with knowledge of the limited powers of the agent, and of the fact that he was exceeding his authority. These facts would have an important, if not controlling, influence in the determination of the case under some circumstances. But, in this case, there is no ground for questioning the good faith of the defendant and Mrs. Dodd. It was known to the bank when it paid for the notes that the money, or nearly all of it, was to be sent to plaintiffs, and it had reason to believe that all of it to which plaintiffs were entitled would be so sent. Mrs. Dodd believed, from the practice of her husband, already mentioned, plat the sale was proper, and, in part, for the benefit of plaintiffs. Three hundred dollars of the money received was used in buying the drafts which were sent to plaintiffs, and the remainder was paid their agent the next month, although it may be that the identical money received was not so paid. It is true that plaintiffs received the money without knowledge of these facts, and that they applied it on other accounts than for the machines for which the notes were given, as they had an apparent right to do ; but it does not appear that they suffered prejudice in consequence. They were informed of the sale before this action was commenced. Had they then tendered a return of the money received,

and demanded the notes, a different question would have been presented. They did not do that, but claimed a right to retain the money while demanding a return of the notes. They are not entitled to both. While the sale was wholly unauthorized, yet, by electing to retain its fruits after receiving knowledge of the fact that they had them, they ratified the unauthorized act of their agent, and must be bound by the terms of her agreement. *Eadie v. Ashbaugh, supra; Farrar v. Peterson*, 52 Iowa, 420; *Beidman v. Goodell*, 56 Iowa, 592; *Elwell v. Chamberlin*, 31 N. Y. 611; *Garner v. Mangam*, 93 N. Y. 642. It was said in *Davenport, etc., Ass'n v. North American Fire Ins. Co.*, 16 Iowa, 74, in effect, that whatever an agent with special or limited powers does, "beyond his authority, is void unless ratified, and that without affecting the validity of what was done within the scope of his powers." The case of *Roberts v. Rumley*, 58 Iowa, 301, is to the same effect. It seems to be the thought of appellants that, because Mrs. Dodd had special power to sell machines, and remit money therefor, the plaintiffs might ratify her act in sending the money, without ratifying it in selling and indorsing the notes. But the two acts cannot be thus separated. One depends upon, and is the result of, the other. Together they constitute only one transaction, and it must be ratified or disapproved as a whole.

It is said that, although it is true plaintiffs knew of the sale before the action was commenced, yet there were some facts connected with it that were not fully disclosed, as, for example, the form of the indorsements and the liability they created. But plaintiffs were advised of the sale, and had the opportunity to inform themselves in regard to all its conditions. They neglected to do so at their peril, and cannot now take advantage of their want of information. We conclude that the judgment of the district court was correct. AFFIRMED.