W. M. HIGBEE, Appellant, v. CHARLES A. TRUMBAUER.

**False Representations:** RESCISSION ON ACCOUNT OF. Where plaintiff's agent, after being informed that defendant relied upon the judgment of a brother and desired it in the matter proposed, falsely represented to defendant that defendant's brother had said it would be advisable to buy certain stock food, for which such agent was endeavoring to sell to defendant and for which defendant gave his note, and defendant soon after so notified the plaintiff that such representation had been made and was false, disaffirmed the sale, demanded a surrender of the note, and refused to accept the food, no action will lie to enforce the payment thereof, though no injury is shown to have resulted from such false statement, no damages being claimed by defendant.

RATIFICATION OF: *Principal and agent.* Where a payee of a note, which is procured on his agent's false representations made in his presence, refuses to surrender such note on notice of the falsity of such representations, such refusal will amount to such a ratification of the agent's acts and statements as to make evidence of such acts and statements admissible in an action to enforce payment.

PLEADING: *Fraud of agent—ratification.* Where a principal brings an action to enforce payment of a note obtained by his agent's false representations, which he ratified, it is sufficient to plead in defense that the fraud was committed by the principal.

*Appeal from Buchanan District Court.*—HON. A. S. BLAIR, Judge.

MONDAY, OCTOBER 8, 1900.

ACTION upon a promissory note executed by the defendant. Defense, fraud and want of consideration. Trial to a jury, and verdict and judgment for the defendant. Plaintiff appeals.—*Affirmed.*

*E. E. Hasner* for appellant.

*Ransier & Everett* for appellee.

SHERWIN, J.—The note in suit was given for a quantity of stock food. When the defendant was first solicited to purchase, he informed one Mahood, who was trying to make the sale, that he was inexperienced, and "would not want to make a purchase of that kind without seeing" his brother, on whose "experience and opinion" he "depended," and that he "always consulted him in matters of that kind, and wanted to do the same thing here." He did not have an opportunity to see his brother as desired, but the next day Mahood and the plaintiff visited him, and Mahood, in the presence of the plaintiff, told defendant that he had seen his brother the day before, and told him "about the transaction," and that the brother "thought it was all right, and that it would be advisable for him to undertake it." Relying upon this statement of Mahood, defendant made the purchase of some 3,400 pounds of stock food, and gave his note therefor. The statement was false, and within three or four days after giving the note the defendant so notified plaintiff, and demanded the surrender of his note, and refused to receive the stock food, which was at the time in plaintiff's possession.

Upon the trial evidence of Mahood's acts and statements, not in the presence of plaintiff, was admitted, over his objections. There was no error in this. The plaintiff refused to surrender the note after full knowledge of the deception that had procured it. By so doing, he ratified the entire transaction, including the acts and statements of Mahood, and cannot now disaffirm any part thereof. *Eadie v. Ashbaugh,* 44 Iowa, 519; *Wm. Deering & Co. v. Grundy Co. Nat. Bank,* 81 Iowa, 222.

Nor was it necessary to plead that the fraud was committed by an agent or that it was ratified. If true, it was the act of the principal, and to so plead is sufficient. *Wm. Deering & Co. v. Grundy County Nat. Bank, supra;* 16 Enc. Pl. & Prac. 904.

It is contended that the alleged false statement was not material, and that no injury is shown to have resulted therefrom. Mahood was informed that the defendant would rely upon his brother's judgment as to the advisability of buying so large a quantity of stock food, and, in effect, was told that, if the brother's judgment was adverse thereto, he would not purchase. When the defendant was assured that the brother approved the purchase, it was the statement to him of an existing and very material fact, and not the mere opinion either of Mahood or of the brother. It was the affirmative fact of the brother's deliberate judgment in favor of the transaction, which Mahood knew was necessary to make the sale. It was false, and a deliberate fraud, practiced to induce the defendant to incur a large indebtedness. If it had not been practiced, the purchase would not have been made, and no note given. It is analogous to false representations as to the members of a corporation made for the purpose of inducing subscriptions to stock, where reliance may be placed upon the reputation and judgment of others. *Coles v. Kennedy,* 81 Iowa, 360.

No damage need be proved, because defendant asks none. He seeks only to rescind the contract for the fraud practiced in obtaining the same, and this he has a clear right to do, for fraud vitiates all contracts.

A large number of errors are assigned in the instructions given by the court. To notice them all in detail would extend this opinion to an unwarranted length. The general thoughts expressed therein correctly define the law governing the case, and we are unable to discover anything in them prejudicial to plaintiff's rights. The instructions asked were properly refused, because they did not contain the law applicable to the case. The judgment is AFFIRMED.

GRANGER, C. J. not sitting