NATIONAL NOVELTY IMPORT COMPANY, APPELLANT, V.
FRED REED ET AL., APPELLEES.

FILED FEBRUARY 23, 1921. No. 21258.

Sales: RESCISSION. A merchant who was induced to sign an order for unnecessary goods by the false representation that his competitors had signed identical orders and by the exhibiting of such orders as genuine, when in fact spurious, may rescind his order and reject the goods upon discovering the imposition, if he relied on the false representation under circumstances that justify such reliance.

APPEAL from the district court for Adams county: WILLIAM C. DORSEY, JUDGE. *Affirmed.*

*J. E. Willits,* for appellant.

*F. P. Olmstead, contra.*

ROSE, J.

This is an action to recover $296, the aggregate price of jewelry and other merchandise sold and delivered by plaintiff to defendants. Under a written order plaintiff delivered the goods to a carrier at St. Louis, Missouri, consigned to defendants at Trumbull, Nebraska. Four or five days after the order was given, defendants notified plaintiff not to ship the goods, but the latter contends that the delivery antedated the notice. The consignment reached Trumbull, but defendants did not accept it, and never took it from the possession of the carrier, but notified plaintiff that it was rejected. One of the defenses is fraud practiced by the agent who induced defendants to sign the order. The action was dismissed, and plaintiff has appealed.

On the issue of fraud there is evidence from which the following inferences may be drawn: Defendants are partners and are retail merchants. While Thomas Mullady, a partner, was waiting on customers in defendants' store, he was solicited for the order and signed it; plaintiff's agent at the time being anxious to make a train. In procuring Mullady's signature the agent falsely stated that two competitors of defendants in different towns had signed an identical order. To deceive Mullady into believing the falsehood, the agent exhibited purported identical orders of the competitors. The orders were spurious, but were declared to be genuine. The competing merchants had not signed the orders exhibited to Mullady, nor purchased the goods described therein. Mullady had no time to investigate, did not know the facts, and relied on the false representations of plaintiff's agent. Otherwise, the order would not have been given. Defendants gave the order only because they wanted to

put in force, the scheme under which they understood their competitors handled the goods in controversy. These facts and conclusions are fairly deducible from the evidence.

The controlling question on appeal is the sufficiency of the evidence to sustain the defense of fraud. Assuming facts of which there is proof, the agent was guilty of fraud. In conducting the business of a retail merchant, purchases of goods by competitors, if known, may be material in ordering identical goods to meet competition. The circumstances under which the fraud was perpetrated justify a finding that defendants were entitled to rely on the representation of plaintiff's agent. The competitors of defendants were in different towns and were under no obligation to answer inquiries if made by defendants in regard to purchases. The fraud operated on the mind of Mullady and he was thus induced to sign the order. As the issue of fraud was tried, price, value and quality were not involved. The deceit culminated in the signing of the order for goods not needed, and ordered only to meet a species of competition having no existence, and in the incurring of an unnecessary indebtedness. From deceit of this nature the law implies nominal damages, and the purchaser had a legal right to rescind the order and reject the goods upon discovering the fraud. In this action plaintiff is affirmatively seeking the fruits of its agent's rascality. Defendants demand relief from the order fraudulently procured, but do not pray for damages. Consequently proof of actual damages is unnecessary in determining the sufficiency of the evidence to sustain the dismissal of the action. All of the elements necessary to the defense outlined, therefore, are shown by evidence accepted by the trial court as disclosing the truth. *Roebuck v. Wick,* 98 Minn. 130; *Higbee v. Trumbauer,* 112 Ia. 74. Plaintiff relies on the case of *First Nat. Bank v. Yocum,* 11 Neb. 328, but it differs from the case at bar in material respect outlined in the statement of the facts herein.

The defense of fraud being supported by sufficient evidence, the dismissal below is

AFFIRMED.