WORDEN, ADM'R, v. THE HUMESTON & SHENANDOAH R'Y CO.

1. **Railroads:** DEATH OF ENGINEER: DANGEROUS TRACK: EVIDENCE: DECLARATIONS OF SECTION FOREMAN.  In an action against defendant for the death of an engineer on account of a defective track, *held* that evidence of what the section foreman of the track at the place where the accident occurred said, at a time other than that of the accident, as to the dangerous condition of the track at that point, was not admissible as a part of the *res gestæ;* (see cases cited in opinion;) nor was it admissible as the expression of an opinion, for the question was not one admitting of evidence of that kind; nor was it competent for the purpose of showing that, as section foreman, he had notice of the defect, and so, through him, the company should be deemed to have had notice of it, for he could *not* thus bind his principal by admissions not within the scope of his authority, nor accompanying any act which he was authorized to do.  But notice to him should have been proved by calling him in person, or some one who gave him notice, or heard it given to him.

2. **Survival of Actions:** PERSONAL INJURY: IMMEDIATE DEATH.  The administrator may maintain an action for personal injury to his intestate, though it results in immediate death.. (*Connors v. Burlington, C. R. & N. R'y Co*, 71 Iowa, 490, followed.)

3. **Railroads:** DEATH OF ENGINEER: WAIVER OF NEGLIGENCE: INSTRUCTIONS FOLLOWING PLEADINGS.  In an action for the death of an engineer caused by a defective track, where the defendant pleaded that he had *full* knowledge for a *long* time of the condition of the track, and yet continued in defendant's employment without objection, etc., and the court instructed the jury that, if they believed from the evidence that the decedent had *full* knowledge for a *long* time of the alleged defects in the track, etc., they should find for defendant, *held* that defendant, not having asked a different instruction on the point, could not complain that the court followed its answer in the use of the words "full" and "long," on the ground that decedent could have waived the alleged defects without having had *full* knowledge thereof for a *long* time.

4. **Instructions:** WHOLE OF RULE IN ONE PARAGRAPH.  While a violation of the rule might not be regarded as reversible error, where the court should be satisfied that the jury could not have been misled, yet the practice of stating all the essential ideas necessary to the expression of a single rule of law in one paragraph or instruction should not be departed from, in charging the jury.

5. ———: NO EVIDENCE TO SUPPORT: APPELLANT NOT PREJUDICED.  Where defendant introduced no evidence to sustain a defense pleaded, on which it had the burden of proof, it was not prejudiced by an instruction, though erroneous, given upon the false theory that there was evidence *against* such defense.

6. ———: ON POINT NOT IN ISSUE. Defendant cannot complain of a failure to instruct on a point not apparently in issue, and on which it did not ask for instruction.

7. **Railroads**: PERSONAL INJURY: DEFECTIVE TRACK: WAIVER. In an action against defendant for a personal injury to an engineer, the court instructed the jury, in substance, that the engineer did not waive the defect by remaining in the company's employment without objection, after knowledge of the defect, if, in so doing, he acted as an ordinarily prudent man would have done under the circumstances. *Held* error, as it is immaterial in such a case what ordinarily prudent men would have done.

*Appeal from Page Circuit Court.*

SATURDAY, JUNE 25.

ACTION to recover for a personal injury alleged to have been sustained by the plaintiff's intestate. There was a trial to a jury, and a verdict and judgment were rendered for the plaintiff. The defendant appeals.

*W. W. Morsman*, for appellant.

*Burke & Prout* and *McCabe & Hill*, for appellee.

ADAMS, CH. J.— I. The plaintiff's intestate was employed as an ·engineer on one of the defendant's trains. While so employed, the engine which he had in charge became derailed, and was thrown down an embankment, and he was killed. The accident was caused by one of the rails becoming disconnected and displaced. The defendant's negligence is alleged to consist in the fact that the plates, nuts, bolts and fastenings binding the rails in the defendant's track together were left loose. The defendant denied all negligence, and undertook to show in evidence that the accident was caused by the malicious act of some person done for the purpose of wrecking the train. The defendant also pleaded that the intestate had knowledge of the condition of the track, and continued in the defendant's service without complaint and without promise of change.

The evidence as to the exact condition of the track consisted principally of the testimony of one Cleveland. He testi-

*(margin note: 1. RAILROADS: death of engineer: dangerous track: evidence: declarations of section foreman.)*

fied that he examined the track at the place of the accident the morning before the accident. He then said: " The defect was a low spot on the north side of the track. The pressure from the wheels is down and outward." He added, however, that he did not consider the track unsafe that morning. Whether the low place, or sag, as the witnesses sometimes called it, was sufficient to account for the spikes being drawn, and the fish-plate and nuts being disconnected, seems to have been regarded as the close question of fact in the case. As touching the question of the dangerous condition of the track, three witnesses were introduced, and allowed to testify, against the objection of the defendant, as to what one Crotty said about it. One of them testified that Crotty said that the track was very bad there; also that Crotty said that " they were expecting an accident there every day." Another testified that Crotty said that he knew that the track was bad.

Crotty was the section foreman, but what he said was not said at the time and place of the accident. What he said, therefore, was not admissible as a part of the *res gestæ*. *Sweatland v. Ill. & Miss. Telegraph Co.*, 27 Iowa, 433; *Burlington, C. R. & N. R'y Co. v. Verry*, 48 Id., 458. It is to be observed, further, that what Crotty said, if it is to be regarded as having any significance, is in the nature of an opinion. It was to the effect that, in his opinion, the track was dangerous. The jury, we think, must have so understood it. It did not show the jury in what the defect consisted. It did not aid the jury to form an opinion as to the defect, independent of Crotty's opinion. Now, we cannot think that the question as to whether the low place or sag was dangerous was one to be shown by an opinion.

It is claimed, however, that it was competent to show what Crotty said for the purpose of showing that, as section foreman, he had notice of the defect; and so, through him, the company should be deemed to have had notice of it. If it was competent to show what Crotty said, it was competent to show it as an admission of the defendant speaking through its mere employe. Of course, we have nothing to do with

the admissions of Crotty unless they are to be considered as the admissions of the defendant. Now, a principal is not bound by the admissions of an agent unless they come within the strict rule of words spoken as a part of the *res gestœ*. The doctrine is summed up by Angell and Ames in their work on Corporations (section 309) with a large citation of authorities. They say: " The representations, declarations and admissions of the agent of a corporation stand upon the same footing with those of an individual. To bind the principal they must be within the scope of authority confined to the agent, and must accompany the act which he is authorized to do." Notice to Crotty was to be proven by calling Crotty himself, or some person who gave him notice, or heard it given to him. The plaintiff, indeed, had evidence of the latter kind. In admitting testimony as to what Crotty said we think that the court erred.

II. The defendant asked an instruction in these words: " The plaintiff in this case having alleged in her petition that A. B. Worden was instantly killed in the accident which it is alleged was produced by the negligence of the defendant, she cannot recover from the defendant, because the law creates no cause of action in such a case, and your verdict should be for the defendant." The court refused to give this instruction, and the defendant assigns the refusal as error. The question here presented was raised in the case of *Conners v. Burlington, C. R. & N. R'y Co.*, 71 Iowa, 490, and ruled adversely to the position taken by the defendant. The court did not err, we think, in refusing the instruction.

2. SURVIVAL of actions: personal injury: immediate death.

III. The court gave an instruction in these words: " You are instructed that the defendant claims, as an affirmative defense, that the decedent had full knowledge of the condition of the defendant's track, complained of in the petition, long prior to the injury complained of, and continued in the service of the defendant as engineer without objection, and without promise of any change therein. The bur-

3. RAILROADS: death of engineer: waiver of negligence: instructions following pleadings.

den of proof rests upon the defendant to establish the allegations of said affirmative defense, to-wit, that the plaintiff had full knowledge of the condition of the defendant's track, complained of in the petition, long prior to the injury complained of, by a preponderance of the evidence. Therefore, if you believe from the evidence that the decedent, A. B. Worden, knew and had knowledge that the defendant's track, at the point in question, was in the condition as alleged in the plaintiff's petition long prior to the injury complained of, then you should find for the defendant on said affirmative defense." The giving of the instruction is assigned as error.

The defendant insists that, where an employe remains in the employment, with knowledge of the defect which caused the accident, without objection, and without promise of change, he would waive the company's negligence, even though his knowledge might not amount to *full* knowledge, and even though he might not have had such knowledge for a *long* time. The defendant, however, in its answer, pleaded that the decedent had full knowledge, and had had such knowledge for a long time. Now, while it may not be necessary in all cases to prove an averment to the extent to which it is made, we think that the court was justified in construing the averment as not broader than the case required. Where an employe's knowledge is relied on as constituting an element of waiver, it should be such as to fairly apprise the employe of the danger. It appears to us that the defendant must have used the words "full knowledge" in that sense, and that it is not in a condition to complain if the court so understood the answer, and used the same words. If the defendant did not wish to be so understood, and thought that the court had not expressed the true rule, and that the jury might be misled, we think that it should have asked an instruction upon the point.

As to the use of the word "long," we are disposed to take substantially the same view. The word does not denote any specific length of time. We think that the defendant must

have meant that the decedent had the knowledge long enough to have afforded him an opportunity to make objections, and that the court did not err in following the answer, and using the word in the same sense as we may assume that it did.

Before leaving the consideration of the instruction, we ought, perhaps, to say that the instruction, standing by itself, does not express the law, because it omits the element of waiver, which consists in remaining after knowledge, without objection and without promise of amendment. But, so far as the instruction is defective in this respect, it is too favorable to the defendant. Besides, the court proceeds in the next instruction to supply what we have pointed out as a defect, intending, of course, that the two instructions should be read together. In this connection, it is proper that we should say that all the essential ideas necessary to the expression of a single rule should, we think, be expressed in a single instruction. Without holding that the violation of this rule would be reversible error where this court should be satisfied that the jury could not have been misled, it is manifest that the observance of the rule would in all cases be better.

*4. INSTRUCTION: whole of rule in one paragraph.*

IV. The twelfth instruction given proceeds upon the theory that the jury might find that the dededent objected to the defect, or that he had promise of amendment. The defendant assigns the giving of the instruction as error. The objection urged is that there was no evidence tending to show that the decedent made objection, or had promise of amendment. It may be conceded that there was no such evidence. But, these being matters pertaining to the alleged waiver set up by defendant, the burden was upon the defendant to prove the absence of objection and promise of amendment, and as to the latter there appears to have been no evidence whatever, and we do not think that the defendant is in a condition to complain.

*5. ——: no evidence to support: appellant not prejudiced.*

V. The defendant complains of the want of an instruction

that if the decedent, in the exercise of reasonble diligence,
6. ——: on     might have discovered the defect, but failed to do
point not in
issue.        so, and so failed to protect himself, as he might
have done, the plaintiff cannot recover. To this we have to say
that no such issue appears to have been tendered by the
answer, and no such instruction was asked by the defend-
ant. If such failure could in any sense be regarded as con-
tributory negligence, then we have to say that the usual
instruction in regard to contributory negligence was given.

VI. The court instructed the jury, in substance, that the
decedent did not waive the defect by remaining in the
7. RAILROADS:  company's employment without objection after
personal
injury: de-    knowledge of the defect, if, in doing so, he acted as
fective track :
waiver.        an ordinarily prudent man would have done under
the circumstances. The giving of this instruction is assigned
as error. In our opinion, this instruction cannot be approved.
Undoubtedly, most employes are willing to incur some risk
rather than lose a good situation. But the rule is that,
where an employe voluntarily elects to incur a risk without
a promise of its removal, and which he need not incur, he
assumes the risk. The law will presume that he does so in
consideration of his compensation, and it matters not that
other prudent men would probably have done the same thing
under the circumstances.

For the errors pointed out the judgment must be

REVERSED.