A. F. BISSELL, Administrator of the Estate of FRANK S. LAW, Deceased, Appellant, v. FRANK STARZINGER.

**Sale of Liquor to Drunkard:** ACTION FOR DEATH: *Breach of the peace.* Though Code, section 2403, forbids the sale of intoxicating liquors to an habitual drunkard or to an intoxicated person, and section 2447, subjects one who makes such a sale to a forfeiture, it cannot be said that a sale of liquor to an habitual drunkard or an intoxicated person who drinks it on the spot, is such a breach of the peace as to negative the idea of consent on the part of the purchaser to the sale and drinking of the liquor and to give a cause of action for his wrongful death to his personal representative, the drinker having died from the effects of the liquor so bought and consumed.

ALLEGATION OF WANT OF CONSENT: *Demurrer.* In an action for the wrongful death of plaintiff's intestate, a petition alleging that defendant furnished liquor to deceased when he "was totally incapable of transacting ordinary business, and at times when he was so dazed with liquor that he had no self-control or judgment, and when he was intoxicated." and praying damages for his death resulting therefrom, failed to show such a want of consent on the part of deceased as to render his death actionable, and a demurrer thereto was properly sustained.

SAME. A petition alleging that defendant furnished liquor to plaintiff's intestate, knowing that he had an irresistible and uncontrollable appetite for liquor, and was an habitual drunkard, and knowing that the continued use of liquors would cause his mental and physical decay and death, and also knowing that he intended to use the liquor so furnished as a beverage, but failing to allege that defendant knew that deceased was incapable of consenting to the purchase and drinking of such liquor, was insufficient to support an action for the wrongful death of deceased, resulting from the drinking of such liquor, and was subject to demurrer.

SAME. A petition alleging that defendant furnished liquor to plaintiff's intestate during a period of two years, and when deceased was an habitual drunkard and incapable to consent to the purchase and drinking thereof, but failing to allege that deceased was incapable of consenting to all or any one or more of the sales, or that defendant knew that deceased was incapable of consenting to receiving and drinking the liquors, was insufficient to support an action for wrongful death of deceased resulting from drinking of such liquor, and was subject to demurrer.

*Appeal from Polk District Court.*—HON T. F. STEVENSON, Judge.

SATURDAY, OCTOBER 20, 1900.

PLAINTIFF, as administrator of the estate of Frank S. Law, deceased, states his cause of action, in substance, as follows: That from May, 1896, till the nineteenth day of February, 1898, the defendant was the proprietor of a saloon wherein he sold intoxicating liquors under what is known as the "Mulct Law"; that in May,

1896, the defendant began to sell intoxicating liquors to said Law, to be drunk by him, and continued to sell to him almost daily from said date up to February 19, 1898, and that by reason thereof the said Law, for several months prior to February 19, 1898, became an habitual drunkard; that the alcoholic liquors so sold by defendant to deceased and drank by him caused Law to become diseased, and his system and constitution became undermined and destroyed by alcoholic poison, and from the effects thereof said Law died, on or about the twenty-seventh day of February, 1898. Plaintiff alleges that said sales were often made by the defendant and his agents when Law "was intoxicated, and was totally incapable of transacting ordinary business, and at times when he was so dazed with liquor that he had no self-control or judgment, and that with full knowledge of the fact that said Frank S. Law was an habitual drunkard, and often knowing that he was at the time intoxicated, the defendant continued to make sales of intoxicating liquors to the deceased, almost every day"; that at the time of the sales defendant knew that deceased was using same as a beverage, and of his irresistible and uncontrollable appetite and craving for alcoholic liquors caused by the continued use thereof, and that he knew such use would result in alcoholic poisoning, and cause mental and physical decay and death. Plaintiff alleges that the estate of deceased had been damaged in the sum of $5,000, for which he asks judgment. The defendant demurred to the petition, specifying eight grounds, which may be summed up as follows: That the petition fails to state a cause of action, in this: That it shows that the injuries complained of were caused and contributed to by the fault and negligenece of the deceased; that it fails to show that any cause of action on account of the sales of liquors existed in favor of the deceased, and because it fails to show that the estate has suffered any damage, in that it shows that deceased was an habitual

drunkard, and incapable of earning money. The demurrer was sustained, and, plaintiff electing to stand on his petition, judgment was rendered against him dismissing the same and for costs, from which judgment he appeals.—*Affirmed.*

*Dale & Bissell* for appellant.

*E. T. Morris* for appellee.

GIVEN, J.—I. As we understand the arguments of counsel, there is no dispute as to the following propositions of law: It is not questioned but that in this state a civil action will lie to recover damages "when a wrongful act produces death," without fault or negligence of the deceased contributing thereto. *Conners v. Railway Co.,* 71 Iowa, 494; *Worden v. Railway Co.,* 72 Iowa, 204; Code, section 3313. Defendant's counsel say in argument: "If the defendant should supply the deceased with liquor in such quantity as to destroy his reason and incapacitate him from controlling his own actions, and while in that helpless and unconscious condition should give him intoxicating liquors or anything else that would produce death, he would be liable for damages, but no such state of facts exists in this case; and he would be equally liable if he should take the life of the deceased, even with the consent of the deceased, as stated in counsel's arguments." It is not disputed that a sale of intoxicating liquors to an habitual drunkard or to an intoxicated person is forbidden by our statute. Code, section 2403. The defendant contends that, as the petition shows that deceased voluntarily purchased and drank the liquors, it shows him guilty of fault and negligence causing, and contributing to cause, the injury complained of, and therefore fails to show a cause of action. The plaintiff concedes that ordinarily contributory negligence may defeat recovery, but contends that the rule does not apply when the act causing the injury is a breach of the peace, though consented to

by the person injured, nor when the person injured is incapable of consenting to the wrongful act. "Consent is generally a full and perfect shield when that is complained of as a civil injury which was consented to. A man cannot complain of a nuisance the erection of which he concurred in or countenanced. He is not injured by negligence which is partly chargeable to his own fault. A man may not even complain of the adultery of his wife which he connived at or assented to. If he concurs in the dishonor of his bed, the law will not give him redress, because he is not wronged. These cases are plain enough, because they are cases in which the questions arise between the parties alone. But in case of a breach of the peace it is different. The state is wronged by this, and forbids it on public grounds. If men fight, the state will punish them. If one is injured, the law will not listen to an excuse based on a breach of the law. There are three parties here, one being the state which, for its own good, does not suffer the others to deal on a basis of contract with the public peace. The rule of law is therefore clear and unquestionable that consent to an assault is no justification." Cooley, Torts (2d ed.) pp. 187, 188 (*162, *163). Sales to an intoxicated person or to an habitual drunkard are forbidden by said section 2403 of the Code, and subject the violator to the forfeiture of $100, collectible at the suit of any citizen of the county, one-half of which goes to the informer, and one-half to the school fund. The compliance with the mulct law affords no protection from this forfeiture. Code, section 2447. Plaintiff's counsel cite cases to the effect that administering poison or noxious drugs to another, without consent or by deceit, is an assault, and therefore a breach of the peace that cannot be consented to. The cases are not in point, as in this there was unquestionably consent, unless the deceased was incapable of consenting. While the alleged sales were unlawful, they were not a breach of the peace, in the sense that dueling, fighting by agreement, or administering drugs,

as in the cases cited, were. "They are cases in which the question arises between the parties alone." The petition does not show a case of a breach of the peace to which, under the law, the deceased might not consent.

II. We have seen that "consent is generally a full and perfect shield when that is complained of as a civil injury which was consented to," but, if the party injured was incapable of consenting to the wrongful act, then there is no consent to operate as a shield. The ready illustration of the rule is found in our statute (Code, sections 4756, 4758), punishing carnal knowledge of females under the age of 15, and of imbecile and insensible females. In *Com. v. Burke,* 105 Mass. 377, the defendant was found guilty of an assault upon a woman "so drunk as to be utterly senseless and incapable of consenting," and the conviction was sustained. We need not cite further authorities to show that, where the injured party is incapable of consenting to the wrongful act, there can be no consent, and it only remains to inquire whether the petition shows that the deceased was incapable of consenting to the sales of intoxicating liquors complained of.

There is no allegation that liquors were furnished to the deceased when he was incapable of consenting. The allegations are that liquors were furnished to him when he "was totally incapable of transacting ordinary business, and at times when he was so dazed with liquor that he had no self-control or judgment, and when he was intoxicated." It does not necessarily follow, because he was incapable of transacting ordinary business, or he was so dazed with liquor that he had no self-control or judgment, or he was drunk or an habitual drunkard, that he was incapable of consenting to the receiving and drinking of the liquors. Possibly this may be implied from the allegations, but so important a matter should not be left to implication. If inability to consent should be implied from these allegations, still it is not alleged that the persons fur-

nishing the liquors knew that deceased was incapable of consenting thereto. It is alleged that defendant knew that deceased was using the liquors as a beverage, that he knew of his irresistible and uncontrollable appetite for liquor, that he had become an habitual drunkard, and that the continued use of such liquors would cause mental and physical decay and death of said Law. All these conditions might exist, and still the deceased be capable of consenting. The case of *McCue v. Klein,* 60 Tex. 168, cited and relied upon by the plaintiff, is quite different in its facts from this. "The facts in that case were that the deceased was an habitual drunkard to such extent as to render him wholly incapable of resisting his appetite for strong drink when offered to him in any quantity whatever. Defendants, knowing this fact, conspired to induce him to swallow three pints of whisky in quick succession, did actually induce him to do so, and thereby caused his death. This was done on a wager that deceased could drink that quantity of whisky at one time, and a dollar was given to him to undergo the experiment. After he had taken two pints quickly following each other, and was in a state of intoxication by which he lost all self-control, the defendants were proceeding to administer to him the third pint, when a bystander remonstrated, declaring that it would cause his death, but the defendants did not heed the warning, but prevailed upon the deceased to swallow the third pint, and he immediately died. To these allegations the court below sustained a general demurrer, and dismissed the cause, and on appeal the ruling was reversed." After recognizing the rule that a man can recover no damages for injuries received at the hands of another with his own consent, unless it arises from some act which in itself is a breach of the peace, the court says: "But even in cases where no breach of the peace is involved, and the act to which consent is given is matter of indifference of public order, the maxim of '*volenti non fit injuria*' presupposes that the party is capable of giving consent to his

own injury. If he is divested of the power of refusal by reason of total or partial want of mental faculties, the damage cannot be excused on the ground of consent given. A consent given by a person in such condition is equivalent to no consent at all, more especially when his state of mind is well known to the party doing him the injury." This action, as presented in the petition, is not based upon a single transaction, as in the Texas case, but upon continuous sales of liquors from May, 1896, 'to February, 1898, without direct allegation that Law was incapable of consenting to all or any one or more of the sales, or that defendant had knowledge that Law was incapable of consenting to receiving and drinking the liquors. The demurrer was properly sustained, and the judgment is therefore AFFIRMED.

GRANGER, C. J., not sitting.