## H. F. LAUBACH, Appellee v. THE CEDAR RAPIDS SUPPLY COMPANY, Appellant.

Master and Servant: TERMINATION OF CONTRACT: NOTICE: WAIVER.
1    Where a contract between master and servant provides for termination by either upon thirty days' notice, and such notice in writing is given by the master, who at the same time informs the servant that his services may be needed in the future and the servant continues, with assent of the master, in his employ after the expiration of the thirty days, a question for the jury arises whether it was intended to waive the notice and continue the original contract or that the service should continue at the will of the master; and an instruction as a matter of law that a termination of the contract under such notice was waived is error.

Measure of Compensation.  Where a servant continues in the employ of his master, with his assent, after termination of the contract of hire, the measure of recovery in the absence of a new agreement is controlled by the original contract.

*Appeal from Linn District Court.*—HON. H. M. REMLEY, Judge.

MONDAY, FEBRUARY 8, 1904.

ACTION to recover compensation for personal services under a contract of employment. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*Crissman & Trewin* for appellant.

*Voris & Haas* for appellee.

DEEMER, C. J.—Plaintiff and defendant entered into a contract whereby plaintiff agreed to work for the defendant for an indefinite period of time at the agreed compensation of $75 per month. It was further agreed that, if either party desired to terminate the contract he should give the other thirty days' notice thereof, and at the expiration of said thirty days the employment should cease. The contract was

entered into on the 1st day of May, 1901, and plaintiff immediately commenced to work for defendant, and continued in its employ until the 31st day of August, when he left under the following circumstances: On July 15, 1901, the defendant wrote plaintiff as follows:

"Dear Sir: Yours asking for route cards received. I will endeavor to put a few route cards in each letter hereafter, so you will not run out of these cards.

"I am in receipt of a letter from Mr. Pickering suggesting that I call your attention to the fact that according to the terms of your contract, that was, that you were entitled to thirty days prior to such time as we may see fit to dispense with your services, and owing to the condition of small grain and short trade, probabilities are that we will not need you longer than the time necessary for you to complete your contract after this notice; therefore, please consider this a thirty-days notice. Probabilities are, that we may need your services longer than the fifteenth of August, but this cannot be determined until later, as it will depend entirely upon the condition of trade. I consider that you have done well for the time you have been with us, and if the season had been more favorable undoubtedly we would have continued to use you much longer."

Plaintiff, as we have said, continued to work until August 31st, but on August 16th he wrote defendant as follows:

"If I have to work any length of time after the 15th I wish to know it."

Defendant did not immediately respond to this, but on August 29th wrote as follows:

"Dear Sir: We are compelled to dispense with your services for the present, and inasmuch as you have received notice to this effect some time ago I presume that you are not disappointed. Please send in your final expense account and we will settle with you up to this date. Yours very truly, The Cedar Rapids Supply Company."

Plaintiff seeks to recover compensation for the month of September. The trial court instructed, in effect, that de-

fendant waived the termination of the contract under the letter of July 15th, by continuing the plaintiff in its employ after the thirty-days notice had expired, and that plaintiff was entitled to compensation for his services for thirty days after his discharge on August 29th.

One other ruling is complained of; and that, the denial of defendant of a right to prove that plaintiff was intoxicated in the month of June. As this was not given as reason for discharging the plaintiff, and as there was no such defense pleaded, this ruling was clearly correct.

The only other question in the case is the correctness of the court's instruction regarding the waiver of the alleged termination of the contract. For the purposes of the case, it must be assumed that the notice was sufficient to terminate the contract, and that defendant, if bound at all, is to be held liable by reason of its waiver thereof. It is said that defendant had the right either to terminate the contract and insist upon the forfeiture, or to waive the forfeiture and continue the plaintiff in its employ, but that he could not do both, and that, as there was no new arrangement made, it will be assumed that plaintiff continued to work under his contract, and could not be discharged in violation of the terms thereof. Further, it is argued that, as defendant permitted plaintiff to remain in its employment after knowledge of the forfeiture without insisting upon it, it waived its right to rely upon the termination of the contract. The case is not really one of forfeiture, and the ordinary rules with reference thereto do not apply; that is to say, it is not a case for application of the doctrine that forfeitures are not favored, and must be clearly established before they will be enforced. The question is purely one of waiver, or, rather, of right to recover on a contract for services not in fact performed. Liability is predicated upon the idea that plaintiff was wrongfully discharged before the expiration of his term of service. His contract was terminated, and his right to insist upon the thirty-days' notice was fulfilled. The claim now is that, by accepting further service from him, the contract was renew-

ed and the forfeiture waived. There is no question that the measure of recovery is limited by the contract price, for no other compensation was named for his services. *Vail v. Mfg. Co.,* 32 *Barb.* 564; Wood's Master & Servant (2d Ed.) section 96. But it does not follow that the entire contract is revived, and that all its provisions became operative. It was perfectly competent for the parties to make a new contract with reference to additional services, or for the employer to so word his notice as to indicate that whatever services should be performed after that date should not be considered as a waiver. Waiver has been shortly defined as "the intentional relinquishment of a known right." Did defendant, by continuing plaintiff in its employment for more than thirty days after July 15th, intentionally relinquish its right to claim that it had given the requisite notice to terminate the contract? We think not. At least, the evidence as to this matter was not of that character to justify the trial court in concluding, as a matter of law, that there was a waiver. Where but one conclusion can fairly be drawn from the evidence on such a proposition as this, doubtless a court is right in deciding the question as one of law. But where reasonable minds may fairly arrive at different conclusions, the question is one for a jury.

Looking now to the correspondence between the parties, it will be observed that defendant gave plaintiff notice in which it stated, in rather polite terms, it is true, that this was the thirty-days' notice required under the contract. But it also stated that they might, and probably should, need his services for some time in the future, but that could not be determined until later on. On the 16th day of August the plaintiff inquired as to future services. No answer, other than to continue the plaintiff in the employment, was made until the letter of August 29th, which referred again to the letter of July 15th. Surely a jury might be justified in finding that the original contract was terminated by the notice, and that plaintiff continued in defendant's employment after that time as a mere favor, and that such employment should

continue only so long as defendant had work for him. Surely it was competent for the parties to make such an arrangement, and, as the question of waiver is generally one of intention, the case should at least have gone to the jury on this proposition. The doctrine of election of rights has no application to the case. Here defendant had the right to continue plaintiff in its employment after the termination of the original contract. And if it did so, the contract price, in the absence of other evidence, would fix the measure of recovery. Whether or not the other elements of the contract were revived would, of course, depend upon the intention of the parties, to be gathered from what was said and done throwing light thereon. If there was nothing to indicate that defendant, by allowing plaintiff to continue in its employ, did not intend to waive the termination of the contract, perhaps a court would be justified in saying that this alone would constitute a waiver. But where, as in this case, waiver is claimed from the fact that the employe continues at the work, and it appears that this is by favor, and to accomplish some particular purpose or object, it then becomes a question, under such facts as are here disclosed, for a jury to determine the intention of the parties.

The court was in error in its instructions, and the case is therefore REVERSED.