M. D. CURTIS, Appellee, v. DODD & STRUTHERS, Appellants.

**PLEADING:** Construction—Matters of Inducement. It is proper to lay a foundation for an action by a statement, by way of inducement, of the extraneous or collateral circumstances which give rise to the claim; and when such is the office of the statement, it does not determine the nature and issues of the action.

PRINCIPLE APPLIED: Plaintiff (a) pleaded that he had had a written contract of employment with defendant for a specified time; (b) pleaded that, with the knowledge and consent of defendant, he had remained in defendant's employ after the expiration of said contract as though said contract had not expired; (c) attached exhibits showing his sales and credit for the latter period only; and (d) prayed a recovery for such latter period only. *Held* that the first pleaded statement was by way of inducement only, and that the cause of action pleaded was for the services *after* the expiration of the written contract, and not a pleading of a continuous employment.

**EVIDENCE:** Burden of Proof—General and Specific Denial—Effect. When defendant relies solely on general and specific denials of the petition, the effect is simply to inject one issue into the case, to wit: the validity and genuineness of plaintiff's alleged cause of action, with consequent burden of proof on plaintiff.

**MASTER AND SERVANT:** Compensation—Services after Termination of Contract—Measure of Recovery. A servant who, with the knowledge and consent of the master, continues in the master's employ *after* the termination of a contract of employment for a specified time is entitled to recover compensation at the rate provided in the old contract, *in the absence of other testimony as to the value of the services.*

**PLEADING:** Matters Specially Pleaded—Matters in Discharge, Release or Avoidance. Any defense showing matter of discharge, release, or avoidance of admitted facts pleaded, must be specially pleaded. (Sec. 3629, Code, 1897.)

PRINCIPLE APPLIED: Plaintiff, having a written contract of employment for a specified duration (under which full settle-

ment was had), continued to perform services, with the knowledge and consent of the defendant, *after the said written contract had expired,* and just as though the contract were in force. He sued to recover for these services only, alleging the former contract by way of inducement. Defendant desired to show that plaintiff's services were *continuous under said written contract* and that, because of certain payments and set-offs arising thereunder, the plaintiff had been overpaid. Defendant admitted the making of the written contract, but contented itself with general and specific denials of all other matters alleged. *Held,* evidence of such defense was not admissible.

**MASTER AND SERVANT:** Contract of Employment—Master Rendering Performance Impossible. The master may not render impossible the performance of his servant's contract of employment and then charge the servant for nonperformance.

PRINCIPLE APPLIED: A servant had a contract of employment for a specified duration. He was to sell lightning rods to dealers and receive certain commissions on sales, but with a guarantee that the commissions would equal $120 per month. If the servant terminated the contract, he was to receive only the $120 per month; if the master terminated the contract, he was to pay the servant the $120 per month *and the percentage thereover,* with territorial expenses to date. The servant was, also, to assist dealers (a) in disposing of goods, and (b) in erecting the rods. When the contract expired, nothing was said; and the servant, for six weeks, continued to work as though the contract had not expired, and was then discharged. *Held,* the master could not charge the servant with any part of the expense of furnishing dealers with assistance in disposing of the goods, or erecting the rods.

*Appeal from Polk District Court.*—HON. C. A. DUDLEY, Judge.

SATURDAY, NOVEMBER 20, 1915.

ACTION at law to recover compensation for services rendered by plaintiff for defendant as a traveling salesman. The case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Clark, Byers & Hutchinson,* for appellant.

*C. C. Putnam* and *Judson E. Piper,* for appellee.

DEEMER, C. J.—Over date of November 1, 1911, the parties hereto entered into a written contract whereby the defendant employed the plaintiff to act as its traveling salesman for the period of one year, the contract, by its express terms, expiring on November 1, 1912. The contract provided for a commission to plaintiff upon goods sold to dealers and others, but guaranteed that his commission would amount to $120 per month, which minimum sum was to be paid to plaintiff monthly in advance.

Defendant was engaged in the business of making and selling lightning rods and fixtures, and plaintiff was employed primarily to sell these goods to dealers; but it was also within the contemplation of the parties that he (plaintiff), when requested to do so, was to assist these dealers in disposing of the goods to actual users. He was also to render assistance, when solicited to do so, in erecting the rods upon the purchaser's buildings. Occasionally, also, he made collections for goods sold. He was also to attend county and other fairs, for the purpose of displaying and demonstrating the merits of defendant's goods. Plaintiff performed the services required of him down to November 1, 1912, and, nothing being said to him by defendant, he continued doing his work down to December 18, 1912, as if the contract had not expired, when defendant, feeling unable to continue the contract and guarantee the minimum salary, and the parties being unable to agree upon terms for a new contract, plaintiff ceased his work for defendant. Unable to agree upon a settlement, plaintiff commenced this action to recover compensation for his services from November 1, 1912, to December 18, 1912.

I. Some question is made regarding the exact nature of plaintiff's claim as made for him in the petition and, as the case turns largely upon the character of the petition and its amendment, we have examined them with care, and are of opinion that, while there are allegations of employment for the year down to November 1, 1912, these are mere matters of inducement and by way of premise to the real cause

1. PLEADING: construction: matters of inducement.

of action, which was to recover compensation for services rendered, either under an express contract or upon one implied as of law from November 1, 1912, to December 18, 1912. Attached to the petition are exhibits showing sales and credits covering the period stated and none other; and the prayer is for a judgment for commissions earned during that time, at the rate fixed in the contract, or for the reasonable value thereof, which is alleged to be the sum named in the contract.

Defendant admitted the making of the original written contract and denied all the other allegations of the petition. It made no affirmative defense, and did not plead payment or set-off, but seemed content to rely upon its denials, general and specific. As we take it, these denials simply cast upon plaintiff the burden of proving a right to recover for services rendered from November 1, 1912, to December 18, 1912. The original written contract being admitted, plaintiff was bound to show that, after the expiration of that contract, he continued to work under the said contract, so far as applicable, down to the time of his discharge, December 18, 1912. This he could do by showing an express contract to that effect, or such a state of facts as that the law will imply an agreement on the part of the defendant to pay plaintiff for services rendered after the expiration of the written agreement at the rate fixed in the contract; or, if no rate was fixed, by new agreement, that the rate fixed in the old contract was the reasonable value of the services so performed. He was also required to show the amount of his sales and the balance due him for services covering the time in question. The law seems to be well settled that, if one employed under such a contract as the one in suit continues his employment after the expiration thereof, with the knowledge and consent of his employer and without any objection or protest from him, he (the employer) is liable to the employee for the services performed, and the contract price, in the absence of

2. EVIDENCE: burden of proof: general and specific denial: effect.

3. MASTER AND SERVANT: compensation: services after termination of contract: measure of recovery.

other testimony as to the value of services, furnishes the measure of recovery. *Laubach v. The Cedar Rapids Supply Co.,* 122 Iowa 643; *Hahnel v. Highland Park College,* 171 Iowa 492.

Appellant does not seriously challenge these propositions, but insists that the trial court was in error in not treating plaintiff's employment as continuous under the contract, and in refusing to permit it to show that, taking the whole period of time covered by the contract, plaintiff had been fully paid for his services in accordance with the terms of this contract.

4. PLEADING: matters specially pleaded: matters in discharge, release or avoidance.

We are constrained to hold that defendant, in its answer, did not tender this issue, and, without a proper pleading, it was properly denied the right to make this showing, or to have an accounting covering the entire period, or to prove any set-off against plaintiff's account which did not accrue within the period between November 1, 1912, and December 18, 1912. The testimony shows that a settlement was had between the parties for all services performed before November 1, 1912. This settlement, although not pleaded by plaintiff, is just as much in the case as is the accounting which defendant seeks to have of all matters under the contract; and, as it is not denied by defendants in their testimony, is in itself a sufficient answer to defendant's present contention that it overpaid the plaintiff on the contract for work performed prior to November 1, 1912.

II. Defendant also contended and offered to show that the fall months were the best for selling rods, and that the contract contemplated many services from plaintiff after the actual delivery of the goods to dealers which he (the plaintiff) could not perform because of his discharge and that he should not receive full commission for his November and December sales, but should be charged with the expense of furnishing the dealers help in selling to ultimate

5. MASTER AND SERVANT: contract of employment: master rendering performance impossible.

customers, and part of the expense of installing the rods. This argument, if sound, would as well apply to the original contract as to any extension thereof, and there never would come an exact time when plaintiff's services would end, notwithstanding the abrogation of the contract; for he would still be compelled to do further work for the dealers, or purchasers of the rods. This written contract provided that: "Should the said M. D. Curtis cancel this contract, he shall receive nothing above the One Hundred Twenty Dollars per month guaranteed and paid him. However, should Dodd & Struthers cancel this contract, they shall pay Mr. Curtis that part of the percentage over and above the monthly guarantee and the territorial expense figured for the time this contract is in force." Now, had plaintiff ceased work at the expiration of this contract, on November 1, 1912, he would not have been chargeable with the expense for assisting dealers in making sales or for installing the rods and fixtures already sold, but would have been entitled to his entire commissions, figured on the basis of the contract. So, likewise, where he, with the knowledge and consent of the defendant, continued to work after the expiration of the contract without a new agreement, and as if the old contract were in force, defendant could not discharge him, or refuse to renew the contract save at a reduced commission and guaranty, or refuse to enter into a new contract satisfactory to both parties, without being liable to plaintiff for the commission on the goods actually sold and delivered after the expiration of the contract, or defendant's failure to renew the contract or to enter into a new one; and this without diminution on account of plaintiff's failure to do other things under his contract.

Defendant made it impossible for plaintiff to perform this part of the contract or arrangement and cannot charge him for nonperformance thereof.

III. The instructions given to the jury are in line with the court's rulings on testimony, and as these are found to be correct, it follows that the instructions complained of

were correct.   No prejudicial error appears, and the judgment must be and it is—*Affirmed.*

LADD, GAYNOR and SALINGER, JJ., concur.