N. FRIEDMAN, Appellee, v. HENRY WEEKS et al., Appellants.

**TRIAL:** Verdict—Nonsupported Special Findings. When portions of the respective claims of the parties are *admitted,* conclusively

*proven,* or in *dispute,* a return by the jury that they had not allowed either party anything on their claims may not be said to be contrary to the evidence when it is evident from the record that the jury did, in fact, make an allowance, and simply offset one allowance against the other.

**TRIAL: Instructions—Nonnecessity to Define Terms.** The court need 2 not, in an ordinary action on a money claim, define "preponderance of evidence" or "burden of proof."

**LANDLORD AND TENANT: Presumption in re Holding Over.** A ten-3 ant who, after holding for one year under a written lease, continues in possession for an additional year, is presumed, nothing appearing to the contrary, to be holding under the terms of said written lease.

*Appeal from Davis District Court.*—D. M. ANDERSON, Judge.

FEBRUARY 11, 1921.

ACTION to recover from defendants rent for certain land. Defendants filed a counterclaim, and to this, plaintiff filed certain claims as an offset to the defendants' counterclaim. Trial to a jury, and verdict and judgment for plaintiff for $480. Defendants appeal.—*Affirmed.*

*A. W. Enoch* and *T. A. Goodson,* for appellants.

*J. J. Smith* and *Buell McCash,* for appellees.

PRESTON, J.—1. The controversy is over the rent for the pasture land for the year 1917,—that is, March 1, 1917, to March 1, 1918. Plaintiff alleges that he leased to defendants, under a written contract, 410 acres of land for the term of one year, commencing March 1, 1916, and that defendants entered into the possession of certain land, under said lease, and occupied the same during said term, and that, after the expiration of the lease, they continued to hold over for another year, and until March 1, 1918; that, during the first year, they used 120 acres of the farm as pasture, for which the agreed rental was $4.00 per acre, and that, during the second year, they used a larger acreage, the fair and reasonable value of which was $4.00 per acre.

1. TRIAL: verdict: nonsupported special findings.

Plaintiff's claim is for rent due from defendants for the land used as pasture the second year. The rent for the land other than pasture was a share of the crops, and we do not understand that there is any controversy between the parties as to that. The only controversy as to the rent seems to be in regard to the number of acres of the total land rented which was used as pasture land, and for which plaintiff claims $4.00 an acre cash rent. Defendants, answering, admitted the execution of the written lease, and that they occupied the land thereunder, the first year; alleged that they occupied said land during the second year under a verbal lease, by which they were to pay $4.00 per acre for 120 acres of the land, which was pasture land, and for the balance, a share of the crops. They admit that they occupied 120 acres, and that they were to pay $4.00 an acre, or a total of $480 for rent. This was the amount of the verdict and judgment against defendants. The court submitted the question to the jury as to the number of acres occupied and used as pasture. Defendant also filed a counterclaim, at first claiming $806.25 for apples, tiling, crops destroyed by reason of ditching, hauling, meals, fencing, and so on. The items are numerous, and cover the two years. The account covers 14 or 15 pages in the abstract. Some of the matters claimed for are mentioned in the written lease, and the trial court instructed as to the rights of the parties, if the lease for the first year was in force for the second, and their rights if it was not in force.

In his reply, plaintiff pleaded a large number of articles for which he claims defendants were indebted to him, for merchandise furnished defendants, failure of defendants to trim hedge, to his damage, failure to haul manure, failure to deliver to plaintiff hay; that defendants permitted stock to feed upon plaintiff's share of the corn, and failed to deliver to plaintiff his share of hay, and numerous other items. The total amount of plaintiff's claims against defendants was $1,510.39, and he asked that this be offset against the defendants' claim. Thereupon, defendants amended their counterclaim, claiming certain items for which they claim plaintiff was indebted to them, for skim milk furnished plaintiff for several months, corn destroyed, damage to vegetables, damage for trespasses, and so on, increasing their counterclaim to $1,500; so that, so far as the

counterclaim and plaintiff's offset are concerned, it was a case of "hoss and hoss" or fifty-fifty. In addition to the general verdict, the jury answered three interrogatories submitted by the court. The first one was as to the amount the jury found plaintiff entitled to on his claim for rent of the pasture land, and the answer was, "$480." Second: "State the amount, if any, which you find the defendants entitled to on their counterclaim;" and the answer was, "None." Third: "State the amount, if any, which you find plaintiff entitled to on his claim as an offset to the defendants' counterclaim." Answer, "None."

The plaintiff admitted some of the items in defendants' account, which amounted to $110.75, and the court, in its instructions, so informed the jury, but left all other items in the counterclaim and offset to the determination of the jury. There are some items in plaintiff's offset account which were either admitted by defendants or the evidence not disputed, and this matter was called to the attention of the jury by the court in its instructions. The court further instructed that there were such items in favor of both parties, and then said that, when the jury had considered and determined the total amount in plaintiff's favor, and the total amount in defendants' favor, they should subtract the smaller amount from the larger, and the difference should be their finding in favor of the one in whose favor they found the larger amount. The appellants complain that the answers of the jury to the interrogatories are not sustained by the evidence, for that plaintiff admitted and the court so instructed as to the amount before stated, and that the verdict of the jury, in finding nothing due defendants from plaintiff, is contrary to the evidence and the instructions of the court. It is doubtless true that the finding of the jury as to the two special interrogatories is not strictly accurate. It is equally true that the jury must have found and did find something in favor of both parties on their disputed accounts, other than rent. It is perfectly apparent, from the entire record, that the jury found that the amount due defendants was offset by what they allowed plaintiff; so that, if the jury allowed defendants $500 on the counterclaim, and the plaintiff a $500 offset thereon, then, in the sense intended by the jury, they, in effect, allowed nothing, either on the counterclaim nor on the offset. In other words, the result

is precisely the same. These claims being out of the way, the jury allowed plaintiff for pasture rent exactly the amount that defendants admit they owed therefor.

2. Two or three assignments of error are predicated upon the thought that the court neglected to instruct the jury as to what would constitute the preponderance of testimony,—that

2. TRIAL: instructions: nonnecessity to define terms.

is, to define it,—and did not define the words "burden of proof." The court did use the term "preponderance, or greater weight of evidence." It is argued by appellants that, in some cases, such as fraud and so on, more than a preponderance of evidence is required. Fraud is not presumed, and good faith and rectitude of purpose are presumed; so that the evidentiary facts constituting fraud must be proved by evidence, but on the ultimate fact, a preponderance is all that is required. *Ley v. Metropolitan L. Ins. Co.*, 120 Iowa 203, 208, 209. There are cases, too, such as reformation of contracts, in equity, where the evidence must be clear, satisfactory, and convincing; but no such case is presented here. No instructions were asked by the defendants as to these matters. The jury certainly would understand the meaning of these terms, without further explanation or definition.

3. Defendants did ask an instruction to the effect that the burden of proof was on the plaintiff to establish, by a preponderance of the evidence, that the written lease for the year begin-

3. LANDLORD AND TENANT: presumption *in re* holding over.

ning March 1, 1916, and ending March 1, 1917, was adopted and agreed upon as the terms under which the defendants held the farm for the second year, and that, if the jury should not find that said lease was so extended or agreed upon as the lease for the second year, then the jury should not consider the terms of the written lease as evidence of the agreement between the parties for the second year, and so on. We do not understand the law to be as claimed by appellants. Concededly, there was a written lease for the first year; and if defendants held over another year, it is presumed to be on same terms, where there is no new arrangement, or unless the facts rebut the presumption. *Merchants T. & S. Co. v. Emerson-Brantingham I. Co.*, 183 Iowa 533.

Some of the instructions given by the court are complained of, but they seem to be harmonious, consistent, and in accordance with law. Complaints as to some of them have been covered by the prior discussion.

We discover no prejudicial error, and the judgment is, therefore,—*Affirmed.*

EVANS, C. J., WEAVER and DE GRAFF, JJ., concur.