RICHARD SNELL, Appellee, v. S. S. KRESGE COMPANY, Appellant.

No. 43719.

JUNE 15, 1937.

Helsell, Burnquist, Bradshaw & Dolliver, for appellant.

Maher & Mullen, for appellee.

RICHARDS, C. J.—During the transactions about to be related

each of the parties to this action owned a business building in Fort Dodge. Plaintiff's building was equipped with a steam heating plant. On August 13, 1926, these parties entered into a written contract. Therein plaintiff agreed to furnish, from his heating plant, steam for heating defendant's building for one year's heating period beginning on October 1, 1926, and ending May 1, 1927, the steam to be delivered at the inside wall line of defendant's building. The contract provided that defendant would furnish all radiation in its building, and that defendant would pay plaintiff the sum of $1,800 for such steam to be furnished during said period. Accordingly steam was transported from plaintiff's to defendant's building through a pipe system during the heating period mentioned in the contract, and defendant paid therefor the agreed amount. No subsequent written or verbal agreement between the parties was entered into with respect to this subject matter. But for seven years following the original heating period mentioned in the written contract, that is up until May 1, 1934, plaintiff continued to furnish steam to defendant, in the same manner as was done during the original period, excepting that on January 15, 1933, defendant disconnected the radiators on the two upper floors of its building. Likewise each year defendant paid for such steam the sum of $1,800, excepting that a dispute arose as to the extent of the liability of defendant for the last annual heating period beginning October 1, 1933, and ending May 1, 1934, and this action now before us on appeal was brought to recover for the steam furnished during that period. In his petition plaintiff alleged that defendant, by its acts and conduct, impliedly promised and agreed to pay plaintiff the sum of $1,800 for the steam furnished for the heating period ending May 1, 1934, and demanded judgment for that amount. At the close of the testimony the court directed a verdict for plaintiff as prayed in his petition, and defendant has appealed.

The question is presented whether there was error in the directing of the verdict. If the court's action was warranted it was because plaintiff had pleaded and established a good cause of action against defendant and had done so with proof of such nature that on the whole record there was generated no controverted issue of fact that should have been submitted to the jury. It will be noted that plaintiff did not declare upon a quasi-contract, nor did he seek to recover upon *quantum meruit*.

Rather he alleged that defendant had promised and agreed to pay $1,800 for the steam furnished and that such promise and agreement was expressed not in written or spoken words but had been implied by the acts and conduct of defendant.

 This court has recognized that there are circumstances under which a promise of an alleged promisor may be inferred from his acts and conduct, justifying the promisee in understanding that the promisor intended to contract. In Curtis v. Dodd & Struthers, 172 Iowa 521, 154 N. W. 872, plaintiff had performed a salesman's services pursuant to a written contract which terminated at the end of one year. Thereafter he continued in the same employment and brought action to recover for such subsequent services, either under an express contract or upon one implied as of law, and prayed for judgment for commissions at the rate fixed in the written contract or for the reasonable value of such services which he alleged to be the sum named in the written contract. *Inter alia* it was held that plaintiff in that action could show that after the expiration of the written contract he continued to work under said contract, so far as applicable, by showing an express contract to that effect; or by showing such state of facts as that the law will imply an agreement on the part of the defendant to pay plaintiff at the rate fixed in the written contract for services rendered after its expiration. See, also, Merchants T. & S. Co. v. Emerson-Brantingham Impl. Co., 183 Iowa 533, 167 N. W. 472. Similarly, if a tenant, with the consent of his landlord, continues in possession after the expiration of a term of years, it has been said that the law implies, in the absence of an express agreement or showings to the contrary, that the premises are held on the former terms, it being supposed that the previous agreement has been renewed for at least another year. Dubuque v. Miller, 11 Iowa 583. Concerning the nature of a contract implied in fact it has been held that to every intent and purpose it is an agreement between the parties, and does not arise out of an implied legal duty or obligation, but out of facts from which consent may be inferred. City of Pella v. Fowler, 215 Iowa 90, 244 N. W. 734. The difference between an express contract and one implied in fact is in the method of proof. In re Unangst's Estate, 213 Iowa 1064, 240 N. W. 618.

 In view of these authorities it is evident that plaintiff set out a cause of action susceptible of proof. As a part of the

proof thereof plaintiff points out that defendant at no time requested or notified plaintiff to discontinue the furnishing of the steam but in fact continued to accept it for defendant's heating purposes up to May 1, 1934. Plaintiff also says that the mere disconnecting of a part of the radiation was not such an act that it can be said to have indicated to plaintiff that defendant was adopting any course of action other than that contemplated by the original written contract. Stated in another manner plaintiff contends that there is no evidence that the disconnecting of the radiators was more than a temporary arrangement for defendant's convenience in the continued carrying out of the arrangement following the surrender of the upper floors by the then tenants. Plaintiff further urges that defendant's acts affirmatively indicated to plaintiff an intention to continue the original arrangement, such acts of defendant including defendant's apparently voluntary payment of the original stipulated sum of $1,800 for the period ending May 1, 1933, without any claim for deduction on account of a part of the radiators having been disconnected after January 15, 1933. Plaintiff also points out that defendant, after paying in full for the steam ending May 1, 1933, in no way indicated to plaintiff any intention to do otherwise during the period ending May 1, 1934, than to pay the same amount paid May 1, 1933, until the letter dated April 20, 1934, practically the end of the heating season. It is true that defendant pleaded that the payment of the full amount for the period ending May 1, 1933, was an error on its part. But the evidence fails to show any such claim of any mistake was communicated to plaintiff. As a result the only information that plaintiff had was the fact of the full payment.

In the opinion of the majority of the court, not including the writer, plaintiff had a right as a matter of law to assume that defendant's actions implied an agreement to carry out again the written contract and plaintiff did unquestionably so assume.

There is no competent evidence that establishes any error in the payment of the $1,800. It follows the district court rightly directed verdict for plaintiff. The judgment is affirmed. —Affirmed.

HAMILTON, PARSONS, ANDERSON, STIGER, and MITCHELL, JJ., concur.